The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT of the IOWA STATE BAR ASSOCIATION, Complainant,

v.

Jay P. ROBERTS, Respondent.

No. 67030.

Supreme Court of Iowa.

Nov. 25, 1981.

Karen E. Shaff, Des Moines, for complainant.

Timothy S. White of White & Warbasse, Cedar Rapids, for respondent.

McCORMICK, Justice.

Respondent Jay P. Roberts directed an office secretary to sign a client's name to a financial statement and affidavit which the attorney then filed in the client's divorce case. The information in the statement was true, and opposing counsel consented to the procedure. The client's rights in the dissolution proceeding were not adversely affected. Nevertheless, the signature was not authorized by the client, the court was not informed of the situation, and the client complained of the procedure when she learned of it after the case was concluded.

The financial statement was prepared in conjunction with the filing of an application for temporary support. The affidavit was in the client's office file. The client had provided the information for the financial statement during an earlier visit to the office, and the affidavit was complete except for her signature. Roberts received a letter from the client dated June 29, 1976, requesting immediate action to obtain a temporary alimony award for her. She had been traveling out of state, and Roberts assumed she was not in Iowa. She informed him in the letter she would next be available during business hours on July 8, 1976. She gave Roberts a local number he could call. She said the person at that number would call her, and the client would then place a toll call to Roberts at a time fixed by him. Roberts said he was unable to reach the client through this method. He said he did not know where she was.

Because the financial statement was complete except for the client's signature on the affidavit, Roberts called opposing counsel and asked if he had any objection to expediting the filing by Roberts having the affidavit signed for the client. When counsel for the husband said he did not object, that procedure was followed. The court was not informed that the signature was false, and a temporary alimony award was based on the application.

The parties in the dissolution action ultimately reconciled. A protracted fee controversy ensued between Roberts and his client. In January 1978 the client obtained the divorce file from Roberts' office. She stopped payment on her check for fees because she believed a letter to Roberts from one of her sons was missing from the file. She also discovered the unauthorized signature on the affidavit. Subsequent activities concerning the fee controversy are not material except to show the context in which the present complaint was made.

The fee dispute was arbitrated by a local bar association committee which approved Roberts' fee. When the fee remained unpaid almost two years later, Roberts initiated a small claims action. The action was settled and the compromise fee was paid. At about the same time, however, the client made the complaint upon which this grievance proceeding is based.

It is unethical for a lawyer to engage in conduct involving dishonesty and misrepresentation. DR 1–102(A)(4). Although Roberts did not mislead opposing counsel, he misled the court by filing an affidavit with a false signature on it. It is no defense that he was seeking to further his client's interest, and she was not harmed. *See Committee on Professional Ethics and Conduct v. Crary*, 245 N.W.2d 298, 306–07 (Iowa 1976). It is prejudicial to the administration of justice to use untruthful means even to accomplish a lawful purpose. §§ 610.14(3) and 610.24(3), The Code; DR 7–102(A)(8).

We hold that Roberts acted unethically when he caused his client's signature to be placed on the financial statement and affidavit without authority and filed the document with the court without disclosing that the signature was false.

The evidence before the Commission showed that Roberts has an excellent reputation for truth and veracity. The present incident appears to be an isolated event which is inconsistent with his basic good character. Roberts cooperated with the

Commission and acknowledges that his conduct was wrong. Considering all the circumstances of this unusual case, the Commission recommended that he be disciplined by a reprimand. We concur with the recommendation.

We therefore reprimand Roberts for his misconduct.

ATTORNEY REPRIMANDED.