The **COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Morris C. HURD, Respondent.**

**No. 67687.**

Supreme Court of Iowa.

Oct. 27, 1982.

Lee H. Gaudineer, Jr., and Hedo M. Zacherle, Des Moines, for complainant.

Morris C. Hurd, pro se.

SCHULTZ, Justice.

This attorney disciplinary proceeding arises from the alteration by the respondent, Morris Hurd, of a motion after it had been approved by opposing counsel and granted by order of a magistrate. The Grievance Commission concluded that the respondent was guilty of ethical misconduct and recommended that his license be suspended for thirty days. We find that the respondent is guilty of misconduct and order that his license to practice law be suspended indefinitely with no possibility of reinstatement for sixty days.

The basic facts in this complaint are undisputed. The respondent's client was charged with four simple misdemeanors all arising out of an incident that occurred on November 6, 1979. After being hired to defend the client, the respondent appeared before the district court and requested a jury trial. Although the client's case was placed on the trial assignment on several occasions, in each instance it was a standby case and was not reached for trial. In the spring of 1980 the respondent and Robert Belson, the county attorney of Ida County, reached an agreement on the disposition of the charges. It was agreed that following a change of venue the respondent's client would plead guilty to two of the charges and the remaining two charges would be dismissed. Despite this agreement, the charges remained unresolved.

In June 1980 Belson referred the case to a law student working in his office as a prosecutor intern. Following pressure from the intern, the respondent prepared a document entitled "Motion for Change of Venue

Pursuant to Plea Bargain." The motion contained a request for change of venue and set out the details of the plea bargain. The motion was signed by the respondent and was approved by Belson.

On July 18 the motion was finally presented to the magistrate who then approved it. The respondent then prepared an order which was written in longhand on the bottom of the motion and the magistrate signed it. The respondent retained possession of the document.

Despite requests by the intern and the clerk of court, the respondent did not file the order. On August 1, however, the respondent appeared in the clerk's office with the motion and handed it to a deputy. The deputy informed the respondent that the newspapers might publish his client's name if the motion was filed. She also stated that the motion had to be filed before she could allow him to carry it to the new county of venue. The respondent informed the deputy clerk that he desired to avoid publicity for his client in Ida County and her requirement put him in a quandary. He then picked up the motion and order and left the clerk's office.

When the intern learned that the respondent had not filed the motion and order he informed the magistrate, who then set the case for trial. On August 7 the intern mailed a letter to the respondent informing him that a trial on the matter would be held on August 12 unless the motion was immediately filed.

The letter spurred the respondent into action. Without notice to or permission from anyone, he cut three lines from the motion that pertained to the plea agreement, purportedly to spare his client any newspaper publicity. He then taped the motion together without the excised lines and filed it. On the same date he mailed an unaltered copy to Belson with his own personal notation, to wit: "This was filed in the office of the clerk, Ida Dist. Court, August 8, 1980." The respondent acknowledges that the notation he made on the mailed copy was not true. Moreover, he did not inform either the magistrate or the

county attorney about the deletion from the filed motion.

The county attorney and the magistrate subsequently learned of the respondent's acts. As a result, the magistrate voided his order. A later order was issued transferring the venue to an adjoining county, however, and the plea bargain was finally completed there. After the change of venue the respondent no longer served as the attorney for his client.

The Grievance Commission specifically concluded that the respondent's conduct violated Iowa Code § 610.15 (1981), and Disciplinary Rules (DR) 1–102(A)(1), (4), (5) and 7–102(A)(3), (5) of the Iowa Code of Professional Responsibility for Lawyers. Pursuant to Sup.Ct.R. 118.11, the respondent appealed to this court from the report of the Commission. In his statement of exceptions he argues that he made no intentional false statement to the county attorney, and although he now realizes that he inadvertently created a wrong impression, it was not his intent to deceive the county attorney. He excepts to the findings of the Commission and further claims on appeal that he was not afforded procedural due process in the disciplinary proceedings as he was not given fair notice that he was charged with practicing deception on the county attorney.

I. *Due process.* Procedural due process, which includes fair notice of the charge, is guaranteed an attorney in a disciplinary proceeding. *In re Ruffalo,* 390 U.S. 544, 551–52, 88 S.Ct. 1222, 1226, 20 L.Ed.2d 117, 122–23 (1968). In *Ruffalo* the Court stated: "These are adversary proceedings of a quasi-criminal nature. The charge must be known before the proceedings commence. . . . This absence of fair notice as to the reach of the grievance procedure and the precise nature of the charges deprived petitioner of procedural due process." *Id.* at 551, 88 S.Ct. at 1226, 20 L.Ed.2d at 122–23 (citations omitted). This court has also recognized a right to a specific charge in an attorney disciplinary proceeding. Sup.Ct.R. 118.5 ("Such complaints shall be sufficiently clear and specific in their

charges to reasonably inform the attorney against whom the complaint is made of the misconduct he or she is alleged to have committed."); *Committee on Professional Ethics v. Durham,* 279 N.W.2d 280, 283 (Iowa 1979) (attorney discipline proceedings are subject to due process scrutiny in regard to a claim of vagueness); *Committee on Professional Ethics and Conduct of the Iowa State Bar Association v. Crary,* 245 N.W.2d 298, 304 (Iowa 1976) (review of the report of the Commission is confined within the general frame of the complaint).

■ The respondent premises his due process claim on the basis that he was not given notice of a charge of practicing deception on the county attorney. In addition to other conclusions of wrongdoing, the Commission found that the respondent violated section 610.15 and DR 1–102(A)(4), both of which contain prohibitions against deceit. In its recommendations the Commission referred to the "alteration of an instrument such as this and the deception practiced on the County Attorney . . . ." The complainant does not respond to this issue; however, our examination of the record causes us to conclude that the complaint met constitutional and rule challenges based on specificity.

In the complaint it was alleged that the respondent prepared the motion in question. The copy of the motion that was sent to the county attorney bearing the notation "This was filed in the office of the Clerk, Ida Dist. Court, August 8, 1980" was attached to the complaint as an exhibit. In addition, there was attached as an exhibit the copy of the altered motion that was actually filed. The complaint also alleges that the alteration was without the consent, approval, or knowledge of the county attorney or magistrate. Although the complaint did not allege the mailing of the unaltered and notated copies, it did charge the respondent with deceit by alleging that he violated sections 610.15 and 610.14(3) and DR 1–102(A)(4). In opening statements before the Grievance Commission the complainant's counsel referred to both the sending of the unaltered and notated copy to the county attorney

and to the respondent's failure to inform the county attorney of the alteration. Moreover, both parties presented evidence concerning the mailing of the unaltered and notated copy. The first objection concerning these matters was raised on appeal.

We conclude that the complaint was sufficiently specific. It was apparent on the face of the exhibits attached to the complaint that not only was an alteration made, but that the respondent falsely prepared the notation on the unaltered copy. This falsification, along with the charge of deceit, was sufficient to alert the respondent to the charge of deception practiced against the county attorney.

■ II. *Deceit on the county attorney.* The respondent claims that he did not violate Iowa Code § 610.15, DR 1–102(A)(1) and (4), or DR 7–102(A)(5), because he did not practice deceit on the county attorney. He maintains that he did not intend to conceal facts or make false statements and that he was merely attempting to carry out the interest of his client by correcting his own motion. He points out that the county attorney did not complain that he had deceived or attempted to deceive him.

Iowa Code § 610.15 provides:

Deceit or Collusion. An attorney or counselor who is guilty of deceit or collusion, or consents thereto with intent to deceive the court or judge or a party to an action or proceeding, is liable to be disbarred and shall forfeit to the injured party treble damages to be recovered in a civil action.

Deceit as used in this section means a concealment or false suggestion made by an attorney in his professional capacity, or in the course of his professional employment, to mislead or deceive the court, or to mislead or deceive an opposing party into taking actions that are injurious or damaging to him. *Tarver v. Board of Commissioners of Alabama State Bar,* 290 Ala. 87, 93, 274 So.2d 61, 67 (1973); *In re Post,* 7 N.Y.S. 438, 438 (N.Y.Sup.Ct.1889).

■ The Iowa Code of Professional Responsibility for Lawyers, DR 1–102(A)(1)

and (4), provides: "A lawyer shall not [v]iolate a disciplinary rule" or "[e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation." The Code also provides that "[i]n his representation of a client, a lawyer shall not ... [k]nowingly make a false statement of law or fact." Iowa Code of Professional Responsibility for Lawyers, DR 7–102(A)(5). These disciplinary rules have a broader definition than section 610.15 for they include dishonesty, misrepresentation, and false statements. We conclude that the meaning of these rules is plain; a lawyer should conduct himself in his professional capacity with honesty and truthfulness, and should avoid statements or actions that are calculated to deceive or mislead.

■ By making the notation that he had filed the unaltered motion, the respondent was admittedly dishonest and made a misrepresentation to the county attorney.[1] Although the respondent does not actually say so, he apparently still considers his activities to be a "white lie." In the hearing before the Commission the respondent treated his action as trifling and on several occasions referred to it as "de minimus." As support for his contention that his act was not of grave importance, he points out that in the recommendations the Commission indicated "no deception was practiced upon a court, no advantage was gained, no one was prejudiced, the respondent was not enriched as a result of it, and finally the result was the same as if the deletion had not taken place."

We have no quarrel with the Commission's statement. However, if this statement is placed in context, it is properly seen as a circumstance to be considered in determining the severity of the punishment. Although the respondent maintains that the purpose of his dishonesty was to protect his client from publicity, we conclude that it was done primarily for the respondent's benefit. It is obvious that he did not wish to take the time and effort to correct his self-described mistakes in draftsmanship on the motion. After he discovered that the motion as drafted would defeat his client's interest in privacy, he procrastinated rather than seek assistance from the magistrate and the county attorney. Unfortunately, when he did act he chose a means that included a blatant attempt to mislead the county attorney about the document that was filed. This action is deceit and it violates section 610.15 and DR 1–102(A)(4) and DR 7–102(A)(5).

III. *Conduct prejudicial to the administration of justice.* DR 1–102(A)(5) provides that "[a] lawyer shall not ... [e]ngage in conduct that is prejudicial to the administration of justice." DR 7–102(A)(3) provides that "[i]n his representation of a client, a lawyer shall not ... [c]onceal or knowingly fail to disclose that which he is required by law to reveal." The respondent contends that he did not attempt to conceal facts and that he believed he was acting in good faith in accordance with what he perceived to be his responsibility as an advocate for his client. We believe that he exceeded those bounds when he excised three lines from the motion.

■ The motion in question belonged to the respondent's client until it was presented to the magistrate. When the order was signed it was not conclusive and was still subject to the control of the court until it was entered on the proper record. § 606.-11; *Lutz v. Iowa Swine Exports, Corp.,* 300 N.W.2d 109, 111 (Iowa 1981). However, when that order was signed by the court it was no longer a private paper and became a court document in the public domain. *Dragstra v. Northwestern State Bank of Orange City,* 192 N.W.2d 786, 791 (Iowa 1971). The respondent was entrusted with the possession of the motion and order for the purpose of filing it. Thus, in excising three lines of the motion, he altered a court document. He had no right or license to unilaterally alter this motion after it became a court document.

1. The respondent also testified that he had sent this same unaltered copy to the magistrate. The magistrate did not testify he received it, nor did the Commission find that he had.

We conclude that by excising a portion of the motion and order the respondent violated DR 1–102(A)(5) and DR 7–102(A)(3).

IV. *Disposition.* The respondent was admitted to the bar of this state in 1967. He has practiced in Ida Grove for more than thirteen years. We take into account his previous good record.

█ We have considered those matters previously quoted in division II from the recommendation of the Commission. We conclude that the violation of the respondent relating to the deception practiced on the county attorney and the violation concerning the alteration and filing of the motion would each warrant the length of the suspension that we are about to impose. As these matters grew out of the same act, however, we shall not duplicate the suspension.

We order that the respondent's license to practice law in the courts of this state as that term is defined in Iowa Sup.Ct.R. 118.-12 be suspended indefinitely, effective November 15, 1982, with no possibility of reinstatement for sixty days after said date. Upon any application for reinstatement the respondent shall prove he has not practiced law during the suspension period.

LICENSE SUSPENDED.