COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

Mary E. ROBINSON, Respondent.

No. 90–722.

Supreme Court of Iowa.

July 18, 1990.

Charles H. Harrington, Des Moines, for complainant.

Joseph Johnston, Iowa City, for respondent.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN and ANDREASEN, JJ.

ANDREASEN, Justice.

The Committee on Professional Ethics and Conduct of the Iowa State Bar Association (committee) filed two complaints against attorney Mary E. Robinson. The complaints were consolidated and heard by a division of the Grievance Commission (commission). The commission found Robinson had violated disciplinary rules as charged in the complaints and recommended her license to practice law in Iowa be suspended for a period of six months. No appeal was taken.

When no appeal is taken from the commission's findings and recommendations, we review de novo the record made before the commission, determine the matter, and take appropriate action. Iowa Sup.Ct.R. 118.10. We are not bound by the commission's findings and recommendations, but give them respectful consideration. *Committee on Professional Ethics & Conduct v. Blomker*, 379 N.W.2d 19, 20–21 (Iowa 1985) (standards of review summarized).

We, like the commission, find Robinson violated the Code of Professional Responsibility for Lawyers as charged in the complaints. The essential facts of the complaints were detailed in requests for admission. By her failure to respond to the committee's request for admissions, Robinson has admitted the acts of misconduct. Iowa R.Civ.P. 127, 128. At the commission hearing, Robinson admitted she had been derelict in her duties as a lawyer. Her testimony was offered to explain why she neglected her duties. The complaints against Robinson arise from her inaction in a federal civil case, three probate matters, and three domestic cases.

The federal court appointed Robinson to represent a party in a pending civil case in November 1986. Because of her failure to meet her responsibilities and her lack of cooperation with the court, her admission to practice in the United States District Court for the Southern District of Iowa was indefinitely suspended in April 1988.

In 1987 the clerk of court served notice of probate delinquency in three separate estates that Robinson represented. When notified of the complaints of probate delinquency by the committee, Robinson failed to respond.

After commencing a dissolution action in 1987, Robinson failed to proceed with the matter and she failed to return numerous telephone calls from her client. The client filed a complaint with the Linn County Ethics and Grievance Committee. Robinson failed to respond to inquiries from the committees of both the Linn county and the Iowa State Bar. Likewise, after receiving a cash retainer in 1986, Robinson delayed filing the petition for eleven months and then failed to proceed with a hearing. Again, a request for an explanation from the Linn county committee was not answered. In January of 1988, Robinson was retained to assist in a modification of custody and child support provisions of a divorce decree. She failed to keep her client informed and failed to respond to her clients' phone calls and letters. After a complaint was filed by the client in June 1988 requests for response by the committees of both Linn county and the Iowa State Bar were ignored.

■ Robinson has neglected her duty to her clients, to disciplinary authorities, and to her profession. Her repeated failure to respond to bar committee inquiries violates DR 1–102(A)(5) and (6). *See Committee on Professional Ethics & Conduct v. Gardalen,* 414 N.W.2d 124, 128–29 (Iowa 1987). Her failure promptly and properly to handle legal matters entrusted to her care violates DR 6–101(A)(3). *See Committee on Professional Ethics & Conduct v. Wenger,* 454 N.W.2d 367, 368–69 (Iowa 1990).

We next determine what discipline is appropriate. Robinson is forty-four years old. She married at age fifteen and is the mother of three children. She was a high school drop out. Her marriage was dissolved in 1971, and she raised her children while attending college. She received a BA degree in 1972 and graduated from law school in 1978.

Robinson began practicing law in Cedar Rapids in 1979. The commission found she had enjoyed an excellent reputation for professional competence and integrity. She served as a leader in a number of useful and beneficial organizations. She was a member of the Iowa State Board of Public Instruction and was president of the Iowa–Nebraska NAACP state organization.

Robinson accepted a significant number of pro bono cases. As a sole practitioner she experienced limited financial success. She became embroiled in a battle with the NAACP over her legal fees in 1983. This caused her great stress. A series of family tragedies added to her problems. By 1987 she was having trouble dealing with life. Robinson suffered both emotional and physical health problems. She seldom went to her law office and would often ignore business calls and letters. She did not care.

In the early part of 1989 Robinson sought medical help. Her physician recognized that Robinson suffered from anemia and had developed symptoms that are "classical for a depressive illness." Her doctor, after medical treatment and surgery, reported to the commission:

> It is my opinion that she (Robinson) has currently returned to a state of good health and would be able to carry out any activities of daily living and any work assignments. It is also my opinion that any inability to carry out her work in 1988, can be largely attributed to her medical condition at the time.

■ Although we consider these circumstances when determining an appropriate sanction, we do not recognize an attorney's ill health, emotional problems, or the general stress of the law practice as an excuse for an attorney's unsatisfactory conduct. *Committee on Professional Ethics & Con-*

*duct v. Paulos,* 410 N.W.2d 260, 262 (Iowa 1987).

The commission recommended a six-month suspension. Their recommendation corresponds to the sanction imposed by us in *Committee on Professional Ethics & Conduct v. Oleson,* 422 N.W.2d 176, 177–78 (Iowa 1988). Clara Oleson testified at the commission hearing in this proceeding. She identified the circumstances that had produced enormous stress upon Robinson. She too had experienced burn-out and depression after entering the law practice. We agree with the commission's recommendation for suspension.

We hereby order Robinson's license to practice law in the courts of this state be suspended indefinitely, with no possible reinstatement for six months. This suspension shall apply to all facets of the law practice. Iowa Sup.Ct.R. 118.12. Any application for reinstatement shall be governed by Iowa Supreme Court Rule 118.13. Robinson is currently under suspension for failure to comply with Iowa Supreme Court Rules 121–121.5 and 123.4 pertaining to reporting requirements of the Client Security and Attorney Disciplinary Commission and the Commission on Continuing Legal Education. This suspension, which was imposed in October 1988, shall run concurrently with that imposed here. Robinson's license shall not be reinstated until all suspensions have been lifted.

LICENSE SUSPENDED.