611 N.W.2d 473 (2000)
IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,
v.
John W. ACKERMAN, Respondent.
No. 99-1876.
Supreme Court of Iowa.
June 1, 2000.
Norman G. Bastemeyer and David J. Grace, Des Moines, for complainant.
Max E. Kirk of Ball, Kirk, Holm & Nardini, Waterloo, for respondent.
Considered en banc.
PER CURIAM.
This lawyer discipline case involves an attorney's conduct in presenting an order to a district judge. The order, dismissing a criminal prosecution, was promptly vacated when the judge learned the facts were not as recited in the order. Without question the misstated facts were crucial in prompting the dismissal. We find this serious violation of the canons of ethics demands a suspension.
John W. Ackerman, the respondent attorney, was admitted to practice in 1967. He is also admitted in Illinois. His practice in Cedar Falls and Waterloo includes family law and bankruptcy, but emphasizes criminal law.
*474 I. After he was appointed to represent Scott Jon Schwestka on a charge of child endangerment, an aggravated misdemeanor, Ackerman moved to dismiss the prosecution under Iowa Rule of Criminal Procedure 27(2)(a) (criminal prosecutions must be dismissed if an indictment is not found within forty-five days of arrestin the absence of good cause or waiver). The motion was misleading. An information had in fact been filed on November 7, 1997, well within forty-five days of Schwestka's arrest on September 26, 1997. The miscalculation, which Ackerman adopted without checking, arose when his legal assistant misread the date of the alleged crime (July 3) as the arrest date.
When the order vacating the dismissal was filed, the judge cited Ackerman for contempt. A different judge presided over the contempt hearing. In response to Ackerman's defense of mistake, the county attorney offered proof of two other similar incidents. In one (the Perkins matter), Judge Briner found Ackerman had secured a release order on behalf of a client he did not formally represent, without so advising the court or tendering notice of his action to the county attorney or the defendant's counsel of record. In another (the Justice matter) Ackerman presented an order that incorrectly indicated it had been approved by the county attorney. The court found Ackerman's conduct sufficiently negligent and violative of his duty to the court as to warrant a finding of contempt. The court then forwarded the matter to the Board of Professional Ethics and Conduct for its consideration.
In these proceedings, the ethics board took advantage of Iowa Court Rule 118.7 which implicates principles of issue preclusion in disciplinary proceedings. See Supreme Ct. Bd. of Prof'l Ethics & Conduct v. D.J.I., 545 N.W.2d 866, 875 (Iowa 1996). The Schwestka contempt proceeding, which incorporated Ackerman's other encounters with the district court, showed a clear pattern of misleading conduct. These matters are not in dispute. Ackerman admitted them in the hearing before the grievance commission, although he viewed them as honest mistakes.
We do not think the conduct can be written off as mere mistake. At its most basic level a court must rely, not alone on the honesty of lawyers, but also on the reliability of factual representations submitted to the court. A misrepresentation cannot be explained away, and certainly not justified, on the basis of disorganization and confusion. Disorganized confusion becomes itself culpable when left unaddressed.
When a lawyer repeatedly misrepresents facts to a court, the line between a pattern of reckless disregard and deliberate deceit becomes blurred. Neither practice can be tolerated. Each is a violation of DR 1-102(A)(1), (4), (5) and (6). Comm. on Prof'l Ethics & Conduct v. Ramey, 512 N.W.2d 569, 571 (Iowa 1994) (lawyer cannot be excused for misrepresentation by sloppy or even casual unawareness of the truth). Deliberate deceit usually calls for revocation. Comm. on Prof'l Ethics & Conduct v. Hurd, 375 N.W.2d 239, 247-48 (Iowa 1985). Lack of due care causing misstatement of facts often calls for a reprimand. Comm. on Prof'l Ethics & Conduct v. O'Donohoe, 426 N.W.2d 166, 168-69 (Iowa 1988). A pattern of misstating facts, such as the conduct evident here, usually calls for a suspension. Comm. on Prof'l Ethics & Conduct v. Wenger, 469 N.W.2d 678, 679-80 (Iowa 1991).
II. The commission was also correct in separately finding that Ackerman violated DR 7-110(B) by presenting the dismissal order ex parte without advising the county attorney. Again Ackerman blames a breakdown in the communication with his legal assistant for the failure to clear the order with the county attorney. What we have said with regard to the other violation applies here. Ackerman cannot be rescued from the violation by an isolating wall of sloppiness and confusion.
*475 III. In fixing the appropriate sanction, we also consider the fact that Ackerman is a repeater. On April 12, 1990, we publicly reprimanded him for securing a fee from the mother of a criminal defendant for whom he had been court appointed and compensated from public funds.
We direct that John W. Ackerman's license to practice law in the courts of this state, as that term is defined in Iowa Supreme Court Rule 118.12, be suspended indefinitely, with no possibility of reinstatement for one month from the date of this opinion. The costs of this action are assessed against Ackerman in accordance with Iowa Supreme Court Rule 118.22.
LICENSE SUSPENDED.
All justices concur except CARTER, J., who takes no part.