# IN THE SUPREME COURT OF IOWA

No. 04 / 05-1467

Filed March 5, 2007

**IOWA SUPREME COURT ATTORNEY
DISCIPLINARY BOARD,**

Complainant,

vs.

**WILLIAM PORTER RICKABAUGH,**

Respondent.

_____

On review of the report of the Grievance Commission.

Grievance Commission reports respondent has committed ethical misconduct and recommends revocation of respondent's license to practice law. **LICENSE REVOKED.**

Charles L. Harrington and Laura M. Roan, Des Moines, for complainant.

William Porter Rickabaugh, Tabor, respondent, pro se.

**STREIT, Justice.**

In this attorney disciplinary action, William P. Rickabaugh is charged with making false statements, neglecting his clients' legal matters, collecting an illegal fee, practicing law while his license is suspended, and failing to cooperate with the Iowa Supreme Court Attorney Disciplinary Board ("Board"). We find Rickabaugh violated numerous provisions of the Iowa Code of Professional Responsibility for Lawyers.[1] We agree with the Grievance Commission's recommendation to revoke Rickabaugh's license to practice law.

### I.    Background

Rickabaugh was admitted to the Iowa bar in 1992. He is sixty years old and lives in Tabor, Iowa. Rickabaugh's license to practice law is currently suspended. *See In re Rickabaugh*, 661 N.W.2d 130 (Iowa 2003). On May 7, 2003, we suspended his license indefinitely with no possibility of reinstatement for three years. *Id.* at 133. This suspension was reciprocal discipline in response to Nebraska's disbarment of Rickabaugh. *See Nebraska ex rel. Counsel for Discipline v. Rickabaugh*, 647 N.W.2d 641 (Neb. 2002). The Nebraska Supreme Court disbarred Rickabaugh for various ethical violations, including accepting a legal matter he was not competent to handle, neglect, creating fictitious pleadings, and forging a judge's signature. *Id.* at 642.

The present disciplinary action concerns a four-count complaint filed against Rickabaugh on March 14, 2006 by the Board. Rickabaugh did not file an answer. On July 21, 2006, the parties filed a joint stipulation of facts and waiver of hearing. Rickabaugh recognized his wrongdoing and stated he has no plans to practice law again. The

---

[1]This court adopted the Iowa Rules of Professional Conduct effective July 1, 2005. Because Rickabaugh's misconduct occurred before July 1, 2005, the Iowa Code of Professional Responsibility for Lawyers governs.

Grievance Commission recommends we revoke Rickabaugh's license to practice law.

## II. Scope of Review

We review the findings of the Grievance Commission de novo. Iowa Ct. R. 35.10(1). We give weight to the Commission's findings but we are not bound by those findings. *Iowa Supreme Ct. Attorney Disciplinary Bd. v. McGrath*, 713 N.W.2d 682, 695 (Iowa 2006). The Board has the burden to prove disciplinary violations by a convincing preponderance of the evidence. *Iowa Supreme Ct. Attorney Disciplinary Bd. v. D'Angelo*, 710 N.W.2d 226, 230 (Iowa 2006). This burden is " 'less than proof beyond a reasonable doubt, but more than the preponderance standard required in the usual civil case.' " *Id.* (quoting *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Lett*, 674 N.W.2d 139, 142 (Iowa 2004)).

## III. Factual Findings

Rickabaugh did not file an answer to the Board's complaint. Pursuant to Iowa Court Rule 36.7, the allegations of the complaint are deemed admitted. In lieu of a hearing, the parties agreed to a stipulation of facts and admission of exhibits. Thus, we find convincing evidence to prove the following:

### A. Grosse Estate

In early 2001, Glenda Shelton hired Rickabaugh to assist her in probating the estate of her mother, Maxine Grosse. Grosse's will appointed Shelton to serve as executor. On July 30, 2001, Rickabaugh sent Shelton a report and inventory which listed all of the assets in the Grosse estate. He requested she sign the report and inventory and return it to him so he could file it with the probate court. Shortly thereafter, Shelton wrote to Rickabaugh explaining she would not sign the report and inventory "because the numbers are not correct."

Specifically, she was concerned Rickabaugh had not included the interest which had accrued on Grosse's United States savings bonds. She provided the correct figures and asked Rickabaugh to "[p]lease make the corrections for me as soon as possible and send them to me to sign." Rickabaugh never made the requested changes. Shelton sent letters to Rickabaugh on March 10, 2002 and January 20, 2003, urging him to send her the corrected report and inventory so the estate could be closed. Exasperated, Shelton finally contacted another attorney to help her close the estate. Unbeknownst to Shelton, Rickabaugh had forged her signature on the report and inventory and filed it with the court on January 31, 2002.

Additionally, while Rickabaugh was representing Shelton and the estate, the clerk of court issued two probate delinquency notices for failure to file an interlocutory report.

### B. Benedict Estate

Rickabaugh was hired by W. Edward Thompson to probate the estate of Ruth Benedict. Benedict's will appointed Thompson, a banker, to be the executor. Rickabaugh opened the estate in September 2000. In April 2001, Thompson gave Rickabaugh a signed check for $8607 made payable to the Iowa Department of Revenue for inheritance taxes due. Rickabaugh did not file the inheritance tax return or the fiduciary return nor did he pay the taxes. As a result, the estate had to pay $3,104.24 for penalty and interest.[2]

The Benedict estate was still open when we suspended Rickabaugh's law license on May 7, 2003. Rickabaugh did not notify Thompson of the suspension nor did he withdraw as counsel.

---

[2]Rickabaugh eventually reimbursed the estate for this expense.

On December 1, 2003, Thompson received a notice of delinquency from the clerk of court indicating an interlocutory report for the estate was overdue. Thompson contacted another attorney to look into the matter and subsequently hired him to finish the administration of the estate.

On January 29, 2004, Thompson discovered a package in his bank's night deposit box. It contained an interlocutory report and an envelope addressed to the clerk of court. Rickabaugh later called Thompson and said he dropped off the package so Thompson could sign the report and file it with the clerk of court.

### C.    Ross Estate

In March 2002, James Ross hired Rickabaugh to probate the estate of his mother, Wilma Ross. Although much of the work for the estate remained to be done, Ross (a co-executor) wrote a check payable to Rickabaugh for $7386. This amount represented 100% of Rickabaugh's fees and expenses. Rickabaugh did not file an application with the probate court for allowance and payment of fees.

After we suspended Rickabaugh's license, he did not withdraw as counsel nor did he notify the executors of his suspension. In a letter dated June 3, 2004, Rickabaugh informed a co-executor that "[d]ue to declining health I will not be able to finish the estate." In the same letter, Rickabaugh stated he would "make an appropriate refund of the fee ASAP." Rickabaugh refunded the estate $5675 in March 2005.

### D.    Failure to Cooperate

The executor of the Grosse estate filed a complaint against Rickabaugh on August 4, 2003. The Board personally served Rickabaugh with notice of the complaint. He did not respond as required by Iowa Court Rule 34.6(4).

## IV. Ethical Violations

Rickabaugh committed the following ethical violations:

### A. Misrepresentations and False Statements

Rickabaugh made at least two misrepresentations.[3] In the Grosse estate, he forged the executor's name on the report and inventory and filed it with the probate court. In the Ross estate, Rickabaugh misrepresented the basis for his inability to close the estate. Instead of informing the executor of his recent license suspension, he represented he could not complete the work due to health problems. In both incidents, Rickabaugh violated a number of ethical rules, namely DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1-102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice); DR 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the fitness to practice law); DR 7-102(A)(5) (a lawyer shall not knowingly make a false statement of law or fact); and DR 1-102(A)(1) (a lawyer shall not violate a disciplinary rule).

### B. Practicing Law While Suspended

We suspended Rickabaugh's license to practice law on May 7, 2003, and he remains under suspension. Rickabaugh did not notify the executors of the Benedict and Ross estates of his suspension as required by Iowa Court Rule 35.21(1)(a). This violated DR 1-102(A)(5) (a lawyer

---

[3]The record reveals several other misrepresentations Rickabaugh made to the court and to his clients. However, the Board in its complaint did not charge Rickabaugh with these misrepresentations. Consequently, we will not consider them at this time. *See In re Ruffalo*, 390 U.S. 544, 550–51, 88 S. Ct. 1222, 1226, 20 L. Ed. 2d 117, 122 (1968) (stating due process requires attorney in disciplinary action be given notice of the charges and an opportunity to respond); *Comm. on Prof'l Ethics & Conduct v. Wenger*, 454 N.W.2d 367, 369 (Iowa 1990) (holding due process requires court to disregard grievance commission's findings based on additional charges because allowing committee to amend complaint at the close of all the evidence deprived attorney notice and opportunity to respond).

shall not engage in conduct that is prejudicial to the administration of justice) and DR 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the fitness to practice law). While suspended, Rickabaugh prepared an interlocutory report for the Benedict estate and delivered it to the executor for his signature. This violated DR 3-101(B) (a lawyer shall not practice law in a jurisdiction where to do so would be in violation of the rules in that jurisdiction) and DR 7-106(A) (a lawyer shall not disregard a court order).

### C.    Neglect

"Professional neglect involves 'indifference and a consistent failure to perform those obligations that a lawyer has assumed, or a conscious disregard for the responsibilities a lawyer owes a client.'" *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Honken*, 688 N.W.2d 812, 821 (Iowa 2004) (quoting *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Kennedy*, 684 N.W.2d 256, 259–60 (Iowa 2004)). "Neglect is more than ordinary negligence and usually involves multiple acts or omissions." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Moorman*, 683 N.W.2d 549, 551–52 (Iowa 2004) (citing *Comm. on Prof'l Ethics & Conduct v. Rogers*, 313 N.W.2d 535, 536 (Iowa 1981)).

Rickabaugh committed professional neglect on several occasions. He received three probate delinquency notices for failure to file an interlocutory report in two estates. *See* Iowa Code § 633.32 (2001). In the Benedict estate, Rickabaugh failed to file the inheritance tax return after the executor gave him a check for the taxes due. As a result, the estate accrued over $3000 in penalty and interest. Moreover, Rickabaugh's neglect delayed the administration of all three estates and required the executors of each estate to hire a new attorney. His conduct violated DR 1-102(A)(5) (a lawyer shall not engage in conduct that is

prejudicial to the administration of justice); DR 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the fitness to practice law); and DR 6-101(A)(3) (a lawyer shall not neglect a client's legal matter). *See Iowa Supreme Ct. Attorney Disciplinary Bd. v. Moonen*, 706 N.W.2d 391, 399 (Iowa 2005) ("A failure to take the necessary actions in estate matters in a timely fashion constitutes professional neglect.").

### D.  Excessive/Illegal Fee

Iowa has special rules for payment of attorney fees in probate matters. Iowa Code section 633.198 requires the attorney to file an application with the probate court for allowance and payment of fees. Iowa Court Rule 7.2(4) stipulates when attorney fees are payable.[4] Once the court order is secured, the attorney may be paid one half of the fee only after the Iowa inheritance tax return is prepared or an inheritance tax clearance is filed. Iowa Ct. R. 7.2(4). The attorney may be paid the balance of his fee only when the final report is filed and court costs have been paid. *Id.*

In the Ross estate, Rickabaugh received 100% of his fees and expenses prematurely and without a court order authorizing the payment. This illegal fee-taking violates DR 2-106(A) (a lawyer shall not collect an excessive or illegal fee). *See Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Waples*, 677 N.W.2d 740, 742 (Iowa 2004). Moreover, it took Rickabaugh twenty-two months after his license was suspended to refund the unearned portion of his fee. This was also nine months after Rickabaugh promised the executor he would return the fee. His delay violates Iowa Court Rule 35.21(1)(*c*) (requiring an attorney

---

[4]Rule 7.2(4) was amended effective February 1, 2005. Under the current rule, if an Iowa inheritance tax return is not required, then the attorney may collect half of his fee when the inventory is filed.

whose license is suspended to refund within thirty days any part of any fees paid in advance that have not been earned) and DR 9-102(B)(4) (requiring an attorney to promptly pay to the client all funds the client is entitled to receive).

### E. Failure to Cooperate with Disciplinary Process

Rickabaugh did not file an answer to the Board's complaint as required by Iowa Court Rule 34.6(4). We expect and demand attorneys to cooperate with disciplinary investigations. *Honken*, 688 N.W.2d at 821 (citing *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sullins*, 556 N.W.2d 456, 457 (Iowa 1996)). A failure to do so is an independent act of misconduct. *Comm. on Prof'l Ethics & Conduct v. Pracht*, 505 N.W.2d 196, 199 (Iowa 1993) (citing *Comm. on Prof'l Ethics & Conduct v. Van Etten*, 490 N.W.2d 545, 548 (Iowa 1992)). Rickabaugh's failure to respond to the Board's complaint violates DR 1-102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice) and DR 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the fitness to practice law).

### V. Sanction

We now turn to the appropriate sanction to address Rickabaugh's unethical conduct. We consider "the nature of the violations, protection of the public, deterrence of similar misconduct by others, the lawyer's fitness to practice, and our duty to uphold the integrity of the profession in the eyes of the public." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Fleming*, 602 N.W.2d 340, 342 (Iowa 1999) (citing *Comm. on Prof'l Ethics & Conduct v. Havercamp*, 442 N.W.2d 67, 69 (Iowa 1989)). We also consider both aggravating and mitigating circumstances. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Ruth*, 656 N.W.2d 93, 99 (Iowa 2002) (citing *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v.*

*Sherman*, 637 N.W.2d 183, 187 (Iowa 2001)). Ultimately, the form and extent of a disciplinary sanction "must be tailored to the specific facts and circumstances of each individual case." *Rogers*, 313 N.W.2d at 537.

We agree with the Commission that disbarment is the appropriate sanction. Past disciplinary action bears upon an attorney's character and is considered an aggravating factor. *Comm. on Prof'l Ethics & Conduct v. Wenger*, 469 N.W.2d 678, 680 (Iowa 1991). We suspended Rickabaugh's license to practice law in May 2003 as a result of very serious ethical misconduct, most notably the fabrication of documents and the forgery of a judge's signature in an attempt to persuade a client he had filed a lawsuit and obtained a judgment. In the present action, Rickabaugh forged the Grosse estate's executor's signature on a court document. Additionally, Rickabaugh lied to the co-executor of the Ross estate about why he could not close the estate instead of admitting his license was suspended.

We consider misrepresentation to be a "grave and serious breach of professional ethics." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Stein*, 603 N.W.2d 574, 576 (Iowa 1999); *accord Moonen*, 706 N.W.2d at 399. As we have said in the past:

> Fundamental honesty is the base line and mandatory requirement to serve in the legal profession. The whole structure of ethical standards is derived from the paramount need for lawyers to be trustworthy. The court system and the public we serve are damaged when our officers play fast and loose with the truth.

*Comm. on Prof'l Ethics & Conduct v. Bauerle*, 460 N.W.2d 452, 453 (Iowa 1990).

Rickabaugh has demonstrated a blatant disregard for his duty as an attorney to be honest and truthful. The legal profession is " 'no place for persons who demonstrate a penchant for distorting the truth.' "

*Wenger*, 469 N.W.2d at 679 (quoting *Comm. on Prof'l Ethics & Conduct v. Postma*, 430 N.W.2d 387, 392 (Iowa 1988)). Rickabaugh's pattern of deceit reveals a serious character flaw which makes him unfit to practice law.

Moreover, Rickabaugh committed other serious ethical infractions. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Humphrey*, 551 N.W.2d 306, 308 (Iowa 1996) ("Multiple violations of our disciplinary rules support enhanced sanctions."). He neglected several cases, which caused considerable expense and delay for his clients. He accepted his fee in a probate matter prematurely; he failed to notify his clients of his suspension; and in at least one instance he practiced law while suspended. Finally, he did not cooperate with the Board's investigation. Although each individual act of misconduct, viewed in isolation, may not warrant revocation, we must consider the combination of the current charges and Rickabaugh's past discipline. Taken all together, it is obvious Rickabaugh does not respect the awesome responsibilities of an attorney. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Beckman*, 674 N.W.2d 129, 139 (Iowa 2004) (finding attorney's "pattern of misconduct and dishonesty demonstrates that he has no intention of complying with his legal and ethical obligations unless forced to do so"). We find the public in general and the legal profession in particular will best be served if Rickabaugh is disbarred.

## VI. Conclusion

We revoke Rickabaugh's license to practice law in the State of Iowa. Costs are taxed to Rickabaugh pursuant to Iowa Court Rule 35.25(1).

**LICENSE REVOKED.**