ZAGER, Justice
(concurring specially).
I agree with the majority’s conclusion that Morse violated the Iowa Rules of Professional Conduct and with the sanction imposed. As noted by the majority, the *147 Iowa Supreme Court Attorney Disciplinary Board never alleged a misappropriation or conversion of client or third-party funds for personal use without a colorable future claim.[6]
We have repeatedly held that it is imperative to the integrity of our disciplinary proceedings that adequate notice of the charges must be provided to an attorney, and the failure to do so is a violation of due process. Iowa Supreme Ct. Att’y Disciplinary Bd. v. Stoller, 879 N.W.2d 199, 222 (Iowa 2016); Iowa Supreme Ct. Att’y Disciplinary Bd. v. Att’y Doe No. 792, 878 N.W.2d 189, 201 (Iowa 2016); Iowa Supreme Ct. Att’y Disciplinary Bd. v. Cepican, 861 N.W.2d 841, 844 (Iowa 2015); Iowa Supreme Ct. Att’y Disciplinary Bd. v. Cross, 861 N.W.2d 211, 219 n. 3 (Iowa 2015); Iowa Supreme Ct. Att’y Disciplinary Bd. v. Kelsen, 855 N.W.2d 175, 183 n. 3 (Iowa 2014); Iowa Supreme Ct. Att’y Disciplinary Bd. v. Nelson, 838 N.W.2d 528, 536 n. 2 (Iowa 2013); Iowa Supreme Ct. Att’y Disciplinary Bd. v. Rickabaugh, 728 N.W.2d 375, 379 n. 3 (Iowa 2007). In these cases, we have repeatedly declined to hear issues not charged by the Board.
In this case, Morse was not charged with misappropriation or conversion of client funds, nor was the hearing before the Grievance Commission of the Supreme Court of Iowa- conducted on this basis. Morse was given no notice that the commission would consider such a charge against him during his disciplinary proceedings. “[The] absence of fair notice as to the reach of the grievance procedure and the precise nature of the charges deprived petitioner of procedural due process.” In re Ruffalo, 390 U.S. 544, 551, 88 S.Ct. 1222, 1226, 20 L.Ed.2d 117, 123 (1968). In the absence of proper notice, the disciplinary proceedings “become a trap when, after they are underway, the charges are amended.” Id. at 552, 88 S.Ct. at 1226, 20 L.Ed.2d at 122. While Morse may have committed ethical violations other than those charged, “it is incumbent on the Board to properly raise the alleged violations in order.to provide proper notice of the charges to the attorney. It must then prove the violation by a clear preponderance of the evidence.” Attorney Doe No. 792, 878 N.W.2d at 201. For this reason, I agree that revocation was not an appropriate sanction for our consideration.
I write separately to express my general agreement that it may be time to reevaluate our approach to cases involving misappropriation and conversion of funds as advocated by Justice Wiggins in his dissent. However, this can only be done when there is a properly charged and litigated case of alleged lawyer misappropriation or conversion of client or third-party funds. The dichotomy of legal versus illegal stealing has long troubled some members of the court and the bar. But this is not the case where such a sea change in our disciplinary analysis should occur. As with any dramatic change, we prefer to take a thoughtful and incremental approach after a full development of the facts, arguments, and law are completed. See, e.g., Miranda v. Said, 836 N.W.2d 8, 17-22 (Iowa 2013) (discussing the gradual-change approach to developing contract and tort law), Another approach that could be considered is rulemaking where all interested parties may give input into what standards and *148 analysis of discipline for lawyers should apply. These approaches provide fairness and justice to the Board and the lawyers in this state. I think it is time to begin this discussion.
HECHT, J., joins this special concurrence.

. Iowa Court Rule 36,8(1) provides,
If the complainant intends to assert that a respondent misappropriated or converted client or third-party funds in violation of rule 32:1,15 or chapter 45 of the Iowa Court Rules, the complainant must specifically allege in its complaint the misappropriation or conversion for personal use without a colorable future claim.
Iowa Ct. R, 36.8,