COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

Edwin A. GETSCHER, Respondent.

No. 84–1003.

Supreme Court of Iowa.

Oct. 17, 1984.

Frank A. Comito, Des Moines, for complainant.

Edwin A. Getscher, Hamburg, pro se.

McGIVERIN, Justice.

This is a review, pursuant to Iowa Sup. Ct.R. 118.10, of the findings and recommendations of our Grievance Commission in this attorney disciplinary proceeding involving respondent Edwin A. Getscher. We suspend respondent's license to practice law for a period of sixty days.

Respondent is an attorney licensed to practice law in Iowa. He maintains an office in Hamburg.

In May 1979 respondent was retained as attorney for the estate of Verna Faye Jaeckel by her son Henry Jaeckel, a resident of Texas who acted as co-executor with respondent. The complaint by the Committee on Professional Ethics and Conduct of the Iowa State Bar Association against respondent alleged that respondent was dilatory in his duties as co-executor and that he, without notifying his co-executor, used estate funds as collateral for a loan taken out by the respondent to pay his fee for the administration of the estate, and paid the interest on the loan out of estate funds. After an evidentiary hearing, the Commission found that these allegations were true, that ethical considerations were violated, and recommended that respondent's license to practice law be suspended for sixty days.

Respondent took no appeal from the report of the Commission to this court. *See* Iowa Sup.Ct.R. 118.11.

We still review de novo the record made before the Grievance Commission, determine the matter, and take appropriate action thereon. Iowa Sup.Ct.R. 118.10.

We give respectful consideration to the Commission's findings and recommendations although they are not binding on us. *Committee on Professional Ethics and Conduct v. Wollenzien*, 342 N.W.2d 490 (Iowa 1984). If we find that the complainant has established its charges by a convincing preponderance of the evidence, we determine and impose an appropriate disciplinary sanction, considering not only respondent's fitness to practice law, but also the need to deter others from similar conduct and assure the public that courts will maintain the ethics of the legal profession. *Id.*

I. *Dilatory administration of the estate.* We find that the record establishes the following facts. On May 16, 1979, respondent filed a petition in Iowa district court in Fremont County for the probating of the will of Verna Faye Jaeckel and the appointment of co-executors. The court appointed respondent as a co-executor. He also was the attorney for the estate. As of January 30, 1984, the date of the Commission's evidentiary hearing, the estate had not been closed, notwithstanding a Notice of Delinquency received by respondent from the clerk of court on September 2, 1982, pursuant to Iowa Code section 633.32 (1981). No final settlement of the estate within the three year limit of section 633.-473 had been made, nor had any court order extending the time period been entered. Due to errors made by respondent, the federal estate tax forms relating to the estate were not satisfactorily completed until August of 1982, more than three years after the estate was opened. Respondent neglected to cause the sale or transfer of ownership of two shares of stock belonging to the estate. Finally, his co-executor arranged for the same through his own stockbroker more than two years after the estate had been opened.

Repeated requests over the years by the non-resident co-executor to respondent to get the estate closed were met by inaction on the part of respondent.

In response to a request for admissions filed by the complainant, Getscher admitted he was dilatory in his duties as co-executor wherein the estate was not closed after more than four years from the date of his appointment as co-executor.

We find a convincing preponderance of evidence in support of the charge that respondent was dilatory in his administration of the estate, and we therefore conclude that he was in violation of Disciplinary

Rule [DR] 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him).

 II. *Improper use of estate funds.* We similarly find that the record contains a convincing preponderance of evidence to the effect that respondent without the knowledge or consent of respondent's client, Henry Jaeckel, took out a loan to pay various estate obligations, including his own fee of $7,000 for administering and handling the legal work of the estate,[1] and that the interest on the loan was paid out of estate money. We conclude that this conduct violated Disciplinary Rule 9–102(A)(2). This rule allows a lawyer to withdraw money due him from a client's funds "unless the right of the lawyer ... to receive it is disputed by the client[.]" This language clearly assumes that a lawyer will advise the client of his intentions before withdrawing any money from client funds for the purpose of satisfying the client's obligations to the lawyer. *See In the Matter of Marine,* 82 Wis.2d 602, 610, 264 N.W.2d 285, 288–89 (1978).

 When respondent arranged for the interest on the loan, taken out in part to pay his fee, to be paid out of estate funds without notifying his client, he violated DR 9–102(A)(2). This arrangement also created the appearance of impropriety, in violation of Ethical Consideration [EC] 9–6. We further conclude that respondent's failure to notify his client of his plans or actions in this regard was a violation of EC 9–2.

 We take this opportunity to reiterate our previous statements to the effect that violations of Ethical Considerations are subject to disciplinary sanctions no less than violations of Disciplinary Rules. *See, e.g., Committee on Professional Ethics and Conduct v. Behnke,* 276 N.W.2d 838, 840 (Iowa), *appeal dismissed,* 444 U.S. 805, 100 S.Ct. 27, 62 L.Ed.2d 19 (1979).

1. Respondent had obtained a probate court order on October 17, 1979, allowing his $7,000 fee for services to the estate. He obtained the loan in question and paid himself the fee on the same date even though the final report on the

 III. *Disposition.* Discipline is warranted, and we must decide the penalty for respondent's violations. We agree with the recommendation of the Committee as to suspension.

We suspend Edwin A. Getscher's license to practice law in the courts of this state indefinitely without reinstatement for a period of sixty days and until this court has approved a written application by respondent for reinstatement. During the period of suspension he shall refrain from the practice of law as provided by Iowa Sup. Ct.R. 118.12. An application for reinstatement shall be governed by Iowa Sup.Ct.R. 118.13.

LICENSE SUSPENDED.

estate had not yet been prepared or filed. However, Iowa R. Probate P. 2(d), which would prohibit payment of the full fee until the final report is prepared and the costs are paid, was not effective until November 14, 1979.