**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**William D. BLOMKER, Respondent.**

**No. 85–1260.**

Supreme Court of Iowa.

Dec. 18, 1985.

James E. Gritzner of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, and Hedo M. Zacherle, Des Moines, for complainant.

William D. Blomker, Humboldt, pro se.

Considered by REYNOLDSON, C.J., and McCORMICK, McGIVERIN, LARSON and SCHULTZ, JJ.

McGIVERIN, Justice.

This is a review of the Grievance Commission's findings and recommendations conducted pursuant to Iowa Supreme Court Rule 118.10 in an attorney disciplinary proceeding involving respondent William D. Blomker. We suspend respondent's license to practice law for a period of six months.

Respondent is an attorney licensed to practice law in Iowa. He maintains an office in Humboldt.

A complaint consisting of three counts alleging that respondent had violated various Disciplinary Rules and Ethical Considerations in the course of his representation of three clients was filed by the Committee on Professional Ethics and Conduct of the Iowa State Bar Association against respondent before our Grievance Commission.

The record of the hearing before the Commission contained the complaint, the Committee's request for admissions, testimony of witnesses and other evidence. Respondent filed no responses to the detailed request for admissions served upon him. The Commission found that the allegations contained in the complaint were true and recommended that respondent's license to practice law be suspended for six months.

Respondent took no appeal from the report of the Commission to this court. *See* Iowa Sup.Ct.R. 118.11.

We still review de novo the record made before the Grievance Commission, determine the matter, and take appropriate action thereon. Iowa Sup.Ct.R. 118.10.

Before discussing the merits of the allegations contained in the charges against respondent, it will be helpful to set out established standards which govern the review by this court in disciplinary proceedings.

We have held that the Commission's findings and recommendations are given respectful consideration although they are not binding on this court. *Com-*

*mittee on Professional Ethics and Conduct v. Getscher*, 356 N.W.2d 557, 558 (Iowa 1984). The allegations must be established by a convincing preponderance of the evidence, a higher degree of proof than that required in civil actions, yet falling short of the proof required to sustain a criminal conviction. *Committee on Professional Ethics and Conduct v. Lawler*, 342 N.W.2d 486, 487 (Iowa 1984). However, matters in a request for admissions may be relied upon to meet this evidentiary burden if not denied or otherwise objected to by respondent. *Committee on Professional Ethics and Conduct v. Freed*, 341 N.W.2d 757, 759 (Iowa 1983).

■ Violations of Ethical Considerations in the Code of Professional Responsibility are subject to disciplinary sanctions no less than violations of Disciplinary Rules. *Getscher*, 356 N.W.2d at 559.

■ To determine whether and to what extent discipline should be imposed in such a proceeding, it is necessary for this court to review the evidence de novo, considering the nature of the alleged violations, the need for deterrence, protection of the public, maintenance of the reputation of the bar as a whole and the respondent's fitness to continue in the practice of law. *Id.* at 558.

■ The ethical violations with which respondent is charged arose out of his handling of the following legal matters entrusted to him: 1) court-appointed counsel for Michael John Chase in a postconviction relief proceeding; 2) handling the administration of the decedent's estate of Harry P. Simonsen; and 3) pursuing an appeal for Edward Dean Kiilsholm in a criminal case.

We consider each of these matters separately.

I. *Court-appointed postconviction counsel.* With respect to the first count, the record establishes that respondent was appointed by the district court on July 8, 1983, to represent Michael John Chase in a postconviction relief proceeding. Chase had been convicted of lascivious acts with a minor in violation of Iowa Code section

709.8 (1979), and, after an unsuccessful appeal, he had filed an application for postconviction relief. Respondent then was appointed by the court to serve as Chase's counsel in that proceeding.

Because respondent, in a separate legal proceeding, was representing the young girl who was the victim of Chase's crime, respondent believed he was in a conflict of interest situation and, therefore, would be unable to serve as counsel for Chase. Respondent maintains that he orally informed the court of this situation. The district judge that appointed respondent had no recollection of this conversation and the record indicates that respondent continued as court-appointed counsel for Chase.

Chase, who was incarcerated at the time, tried unsuccessfully to contact respondent by mail in order to obtain information on the progress of his postconviction relief proceeding.

After these initial attempts failed to produce any response from respondent, Chase wrote both the court and the office of the Attorney General complaining about respondent's failure to communicate with him. The court forwarded these letters to respondent and the Attorney General's office also sent a letter to respondent, urging him to take action in the matter. Respondent never acknowledged these communications.

From July 8, 1983, the time respondent was appointed by the court to represent Chase, until May 2, 1984, when he was terminated as counsel, respondent made no effort either to withdraw as court-appointed counsel or to carry out his duties as Chase's attorney.

We find a convincing preponderance of evidence in support of the charges that respondent Blomker neglected his duties as court-appointed counsel for Michael Chase in not responding to the various communications, and not promptly withdrawing as counsel so new counsel could be appointed to represent Chase's interests. Accordingly, we conclude his conduct constituted the following ethical violations: EC 1–5 (law-

yer must maintain high standards of professional conduct); DR 1–102(A)(5) (lawyer shall not engage in conduct prejudicial to the administration of justice); EC 6–1 (lawyer must act with competence and proper care); EC 6–4 (lawyer who undertakes representation must safeguard interests of his client); DR 6–101(A)(3) (lawyer shall not neglect a legal matter entrusted to him); DR 7–101(A)(1) (lawyer shall not fail to seek lawful objectives of his client); DR 7–101(A)(2) (lawyer shall not fail to carry out a contract of employment entered into with a client); DR 7–101(A)(3) (lawyer shall not prejudice or damage his client).

II. *Estate administration.* As to the second count, respondent was engaged sometime during the fall of 1980 by Mrs. Jean Simonsen to probate the last will and testament of Harry Simonsen, her husband. On October 21, 1980, respondent opened the decedent's estate by filing a petition in district court to probate the will. Mrs. Simonsen was appointed executor of the estate.

In October 1981, respondent prepared and presented to the district court an application and order allowing attorney fees. The order expressly provided that *"more than one-half of said fee shall be paid prior to the time of closing the within estate."* (Emphasis added.) The court signed the order without presentation by respondent of any recorded evidence of "good cause" for allowing payment of more than one-half of the fee before the final report was prepared and the costs paid. Respondent thus violated Iowa Rule of Probate Procedure 2(d). *Cf. Committee on Professional Ethics and Conduct v. Coddington,* 360 N.W.2d 823 (Iowa 1985) (attorney disciplined for collection of probate fees prior to entry of court order authorizing such payment).

Respondent then collected the total amount of his probate fee, $6,215.20, on November 5, 1981. This fee was to include closing the estate. Yet, as of August 1984, the estate remained open, and Mrs. Simonsen had retained another attorney to complete the process of closing. After filing the amended preliminary inheritance tax report and probate inventory on July 1, 1983, no further legal work was performed by respondent despite repeated attempts by Mrs. Simonsen, as executor, to encourage completion of the work necessary to close the estate.

Further, due to respondent's dilatory handling of the estate, including his failure to timely file 1981–82 and 1982–83 fiduciary income tax returns, the estate was charged a penalty and interest. Although respondent paid the penalty on the late filing, Mrs. Simonsen paid the amount of interest due. The federal estate tax return was never filed by respondent.

Mrs. Simonsen paid the attorney that she employed to complete the process of closing the estate a fee of $3,500. Respondent did not refund any of the $6,215.20 fee that he collected from Mrs. Simonsen.

In our recent decision of *Committee on Professional Ethics and Conduct v. Steensland,* 376 N.W.2d 615, 618 (Iowa 1985), we said, "Our decisions should have warned [the attorney for the estate] we will not tolerate such flagrant neglect of proper estate administration. *See [Committee on Professional Ethics and Conduct v.] Thompson,* 328 N.W.2d [520] at 522 [Iowa 1983]; *Committee on Professional Ethics & Conduct v. Sylvester,* 318 N.W.2d 212, 212–13 (Iowa 1982); *Committee on Professional Ethics & Conduct v. Rogers,* 313 N.W.2d 535, 536 (Iowa 1981); *Committee on Professional Ethics & Conduct v. Bitter,* 279 N.W.2d 521, 524–25 (Iowa 1979)."

Under the requisite standard, we conclude that respondent's dilatory handling of the estate of Harry Simonsen constituted the following ethical violations: EC 1–5 (lawyer must maintain high standards of professional conduct); EC 6–1 (lawyer must act with competence and proper care); DR 6–101(A)(3) (lawyer shall not neglect a legal matter entrusted to him); DR 7–101(A)(2) (lawyer shall not fail to carry out contract of employment entered into with a client); DR 7–101(A)(3) (lawyer shall not prejudice or damage his client).

III. *Appeal.* The final count in the Committee's complaint involves respondent's alleged failure to pursue an appeal for a client whom he had undertaken to represent. In June 1980, respondent agreed to represent Edward Kiilsholm in connection with two charges of sexual abuse in alleged violation of Iowa Code section 709.3 (1979). Kiilsholm entered pleas of guilty to both charges and was sentenced to two consecutive incarceration terms of not to exceed twenty-five years on each charge.

In late January 1981, Kiilsholm notified respondent that he wished to appeal these sentences. Respondent filed timely notice of appeal in March.

Thereafter, respondent did nothing to prosecute the appeal. In due course, the clerk of the supreme court sent respondent a warning notice that a $25.00 docket fee was due. Respondent did not acknowledge this notice nor did he contact Kiilsholm, his client, who was incarcerated at that time. In accordance with our rules, the appeal was dismissed for want of prosecution. Iowa R.App.P. 12.

Respondent did not communicate to his client the fact the appeal had been dismissed. Kiilsholm, who at that time was out on appeal bond, learned of the dismissal upon receipt of a court document, and he voluntarily returned to incarceration.

In a subsequent postconviction relief proceeding, the district court found Kiilsholm had been provided ineffective assistance of counsel as a result of respondent's failure to prosecute the appeal.

We conclude the record shows by a convincing preponderance of the evidence that the manner of respondent's representation of Edward Dean Kiilsholm violated the following sections of the Code of Professional Responsibility: EC 1–5 (lawyer must maintain high standards of professional conduct); DR 1–102(A)(5) (lawyer shall not engage in conduct prejudicial to the administration of justice); EC 6–1 (lawyer must act with competence and proper care); EC 6–4 (lawyer who undertakes representation must safeguard interests of his client); DR 6–101(A)(3) (lawyer shall not neglect a legal matter entrusted to him); DR 7–101(A)(1) (lawyer shall not fail to seek lawful objectives of his client); DR 7–101(A)(2) (lawyer shall not fail to carry out a contract of employment entered into with a client); DR 7–101(A)(3) (lawyer shall not prejudice or damage his client).

IV. *Disposition.* We conclude that discipline is warranted here. Blomker breached his professional responsibility as a lawyer in the several respects discussed in divisions I–III.

In accepting the Grievance Commission's recommendation of suspension, we note that respondent has caused damage to the Simonsen estate and its distributees due to the fee he obtained for work he did not finish. He also may have caused the estate other liabilities or losses due to his neglect. This is a matter we shall review again in the event of an application by respondent for reinstatement of his license.

We suspend William D. Blomker's license to practice law in the courts of this state indefinitely without reinstatement for a period of six months and until this court has approved a written application by respondent for reinstatement. During the period of suspension he shall refrain from the practice of law as provided by Iowa Supreme Court Rule 118.12. An application for reinstatement shall be governed by Iowa Supreme Court Rule 118.13.

LICENSE SUSPENDED.