The **COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION,** Complainant,

v.

**Peter VAN ETTEN, Respondent.**

**No. 92–963.**

Supreme Court of Iowa.

Oct. 21, 1992.

Charles L. Harrington, Des Moines, for complainant.

Peter Van Etten, pro se.

McGIVERIN, Chief Justice.

The main question here is what action is appropriate upon our de novo review of the report of our Grievance Commission in this attorney disciplinary proceeding involving respondent Peter Van Etten. We suspend his license to practice law indefinitely with no possibility of reinstatement for six months from the date of this decision.

Respondent is an attorney licensed to practice law in Iowa. He lives in Sioux City.

A complaint in two counts was filed by the Committee on Professional Ethics and Conduct against respondent before our Grievance Commission. In the written record and at the hearing before the commission, respondent has admitted the salient facts.

No appeal was made after the commission report found Van Etten had committed several ethical violations and recommended a six-month suspension of his license to practice law.

The case is now before us for review under Iowa Court Rules 118.10 and 118.11. We must review de novo the report of the commission and take appropriate action thereon.

The committee has the burden of proof to establish by a convincing preponderance of the evidence that respondent has violated the code of professional responsibility as charged. *Committee on Professional Ethics & Conduct v. Zimmerman*, 465 N.W.2d 288, 290 (Iowa 1991). Pursuant to rules 118.10 and 118.11, we determine the appropriate discipline, if any.

From the record the commission found, as do we on our de novo review, the following facts concerning the complaint. We also reach conclusions based thereon.

*I. The Barbee suit.* In August 1989, respondent undertook to represent Diane Barbee, whom he knew socially, in defending her in a delinquent student loan matter. In response to a petition in district court against Barbee, respondent filed a motion to dismiss the action, alleging as a defense that the ten year statute of limitations had run. *See* Iowa Code § 614.1(5).

The Woodbury County district court set the matter for hearing for October 30.

Prior to the hearing on the motion to dismiss, Robert Clauss of Des Moines, counsel for plaintiff in the matter, telephoned respondent and explained that the statute of limitations had not run on the promissory note because Barbee had made a payment within the statutory period, thus extending the limitation time period. Respondent agreed, and assured attorney

Clauss that he would withdraw his motion to dismiss. Respondent further advised Clauss that Clauss need not attend the hearing in Sioux City, as he would withdraw the motion to dismiss and explain the agreement of counsel to the district court. Based upon respondent's representations, Clauss did not attend the hearing.

Respondent failed to withdraw the motion or alert the court to counsels' agreement. As a result, the district court sustained Barbee's motion and dismissed the petition of attorney Clauss' client.

Thereafter, respondent told Clauss the ruling was a misunderstanding and he would correct the matter. However, respondent neither took any steps to correct the matter nor obtain a confession of judgment from Barbee as he had promised to Clauss. Clauss has not taken any steps to have the judgment set aside.

Clauss then sent a letter to the committee contending there was unethical conduct by respondent. The committee sent notice of the contention to respondent, but respondent failed to reply in any way. Thereafter, the committee filed a complaint with the commission against respondent alleging numerous violations of our code of professional responsibility.

The Grievance Commission found, and we agree, that respondent violated EC 1–4 in that he failed to assist the committee by not responding to their notices. Respondent also violated EC 1–5 and DR 1–102(A)(4) in that he failed to maintain high standards of professional conduct and failed to refrain from morally reprehensible conduct by misleading attorney Clauss into believing he would withdraw his motion to dismiss the Barbee case and advise the court fully in this matter, when in fact he did nothing to carry out these objectives.

Further, respondent violated DR 1–102(A)(5) and (6) in that he engaged in conduct prejudicial to the administration of justice and engaged in other conduct adversely reflecting on his fitness to practice law. These violations stem from his action or inaction on the Barbee case and from the representations he made to Clauss.

Additionally, respondent violated DR 7–102(A)(3) and (7) by knowingly concealing and failing to disclose to the court his conversations regarding the inapplicability of the statute of limitations defense, and failing to disclose to the court his agreements with Clauss.

*II. The Howard estate matter.* In October 1987, respondent undertook representation of Thomas Banks, executor of the Leon Howard estate in Woodbury County probate court.

Starting in November 1989, the Woodbury County clerk of court sent delinquency notices on various dates for failure to file a final report in the Howard estate, and reported respondent to the court pursuant to Iowa Code section 633.32 and Iowa Rule of Probate Procedure 5. At least twice after such delinquencies and notices, respondent promised the court he would soon file the final report and close the estate. Respondent apparently never took any steps towards this goal and merely kept reassuring the court he would soon close the estate.

Finally, the court ordered the executor, Banks, to appear before the court on October 25, 1991, to show cause why he should not be removed. The executor appeared as ordered on this date, but respondent did not.

The court then ordered that respondent contact one of the judges of the court to explain his absence at the hearing and why the estate had not been closed.

After another round of delinquency notices, the court set another hearing for the executor to show cause why he should not be removed. Respondent again failed to appear although he had received notice. The court continued the hearing to a later date upon the executor's assurance of retaining other counsel.

The committee contacted respondent by restricted certified letter regarding the delinquency notices. When respondent failed to respond to the committee inquiries, the committee filed a complaint.

The Grievance Commission found, and we agree, that respondent violated in this

matter EC 1–4 and 1–5 by completely failing to respond to the committee's inquiries and totally disregarding the court's orders directing him to close the estate.

The respondent has furthermore violated DR 1–102(A)(5) and (6) in that his repeated failures to timely respond to the court's orders show a complete disrespect for the court, and as such is prejudicial to the administration of justice and adversely reflects on his fitness to practice law. *See Committee on Professional Ethics & Conduct v. Larsen*, 407 N.W.2d 601, 602 (Iowa 1987).

Respondent also violated EC 6–1 by failing to act with competence and proper care in representing his client, Mr. Banks. Respondent disregarded Mr. Banks' position and failed to respond to the court's orders. He admittedly did not understand the probate practice and therefore should not have undertaken to handle the Howard estate. This demonstrates a lack of professionalism in his practice of law.

We further conclude that respondent violated EC 6–4 by failing to safeguard the interests of his client after undertaking representation of Mr. Banks. Respondent clearly failed to prepare adequately to handle the estate matters and failed to give the estate his attention. His lack of competence is further evidenced by failing to respond to the court's orders to appear on various occasions to explain why the estate was not closed.

Finally, respondent violated DR 6–101(A)(3) by neglecting to properly handle the estate, which Mr. Banks had entrusted to him. Respondent has also violated DR 7–101(A) in that he damaged his client by causing Mr. Banks and the estate additional expense, all of which resulted from his negligence.

*III. Failure to respond to Ethics Committee inquiries.* As stated above, respondent failed to respond to the committee's notices concerning both the Howard estate and the Barbee matter. Apparently, respondent erroneously thought that if he believed the allegations were true, he need not respond.

We have held that a lawyer is obligated to cooperate with discipline authorities. *Committee on Professional Ethics & Conduct v. Horn*, 379 N.W.2d 6, 8 (Iowa 1985). A failure to respond to the committee's notices and inquiries is deemed a separate act of misconduct. *Id.*

By not responding to the committee's notices and inquiries, respondent violated DR 1–102(A)(5) (engaging in conduct that is prejudicial to the administration of justice) and DR 1–102(A)(6) (engaging in any other conduct that adversely reflects on fitness to practice law). *See Horn*, 379 N.W.2d at 9.

Respondent admitted he was unable to decide how to handle his problems and complete his work even after getting suggestions from other attorneys.

*IV. Disposition.* Discipline is warranted. Van Etten breached his professional responsibility as a lawyer in the numerous situations previously discussed.

The commission recommended that respondent be required to submit to a psychiatric evaluation in order to ascertain the nature of his problems and obtain treatment therefor. We agree with that recommendation.

We suspend Van Etten's license to practice law indefinitely with no possibility of reinstatement for six months from the date of this opinion. *See* Iowa Sup.Ct.R. 118.12. Any application for reinstatement shall be accompanied by satisfactory evidence that respondent is not suffering from any physical or mental disability that would interfere with his competent handling of legal business entrusted to him. Costs should be taxed to respondent pursuant to Iowa supreme court rule 118.22.

LICENSE SUSPENDED.

All Justices concur, except LARSON and CARTER, JJ., who take no part.