The **COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Michael T. PRACHT, Respondent.**

**No. 93-749.**

Supreme Court of Iowa.

Aug. 25, 1993.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Michael T. Pracht, pro se.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and LAVORATO, JJ.

LAVORATO, Justice.

This attorney disciplinary proceeding is about the professional conduct of attorney Michael T. (Mick) Pracht in four separate probate matters. The Committee on Professional Ethics and Conduct charged Pracht with several violations of the Iowa Code of Professional Responsibility for Lawyers because he allegedly (1) undertook probate matters he was not competent to handle, (2) neglected these matters, and (3) failed to fully cooperate with the committee in its investigation.

In the hearing before the Grievance Commission Pracht appeared pro se and testified. The record includes the complaint, the committee's request for admissions, exhibits, and Pracht's testimony. While Pracht failed to respond to the request for admissions, at the hearing he admitted the material allegations of the complaint.

The commission found that the committee had established by a convincing preponderance of the evidence that Pracht had violated multiple disciplinary rules and ethical considerations. Four of the five commission members recommended that Pracht (1) receive a public reprimand, and (2) hire at his own expense a competent probate attorney to close any of the four estates still open at the filing of this opinion. The remaining commission member recommended, instead, a suspension for three months. We agree with the former recommendation, and publicly reprimand Pracht.

I. *The Probate Issues: Competency and Neglect.*

The following facts are uncontested. Pracht has practiced law since 1976. He practices in Davenport and limits his practice to real estate law.

In May 1989 Pracht became counsel for Paul Vance, executor of the Alice B. Vance estate. In September he agreed to represent Delores H. Fersch, executor of the Harold Fersch estate. And in October 1990 Pracht became counsel for Gwendolyn J. McKilligan. McKilligan was the executor of the George H. Hassler and Leone B. Hassler estates.

Apparently Pracht did not intend to charge a fee for probating these estates. He candidly admitted that he was not going to charge a fee because he intended to use the estates as an educational tool.

A. *The Vance estate.* Pracht opened the Vance estate in May 1989. He filed the probate inventory on June 22, 1990. At this point work in this estate came to a halt.

On November 1, 1991, the Scott county clerk of court sent Pracht a delinquency notice because he failed to file an interlocutory report and order. The notice gave Pracht sixty days to correct the delinquency.

Pracht did not respond. So on January 2, 1992, the clerk reported the delinquency to the chief judge of the seventh judicial district and ultimately to the committee. *See* Iowa Code § 633.32(2) (mandatory reporting of delinquent reports); Iowa R.Prob.P. 5(c).

On May 1 the clerk sent Pracht a second delinquency notice. By the time of the disciplinary hearing in March 1993, Pracht had filed the delinquent report. The district court had approved it, giving the executor sixty days to close the estate. As of the date of the disciplinary hearing, this estate remained open.

B. *The Fersch and Hassler estates.* Pracht opened the Fersch estate September 14, 1989, and filed the probate inventory July 2, 1991. The Hassler estates were opened October 3, 1990. Pracht filed the Hassler probate inventories January 30, 1991.

These estates sat idle until May 1, 1992, when the clerk sent Pracht delinquency notices on each one because he failed to file eighteen month reports and orders. Pracht let the sixty day deadline expire. This prompted the clerk to notify the chief judge and the committee about these delinquencies. The Fersch probate file reflects a letter dated November 16, 1992, from Delores Fersch to the clerk in which Delores complains about Pracht's inertia in closing her husband's estate.

In February 1993 Pracht filed the delinquent reports in the Hassler estates. He filed the Fersch estate report two days before the March 1993 disciplinary hearing. As of the date of the hearing, all three estates remained open.

The commission asked Pracht why he delayed in closing the four estates. He testified that the Vance estate was still pending because of a "recent" discovery—in October 1992—of additional assets that required amending the probate inventory. As to the Fersch estate, Pracht explained he needed "to get the final income tax done on it and then close it up." He told the committee he hoped he would have all four estates closed within sixty days of the hearing. He also stated he had taken no further probate work.

The commission pressed Pracht on whether it was a lack of knowledge or time that was causing the problem. Pracht candidly responded that it was a combination of both coupled with his decision to probate the estates pro bono. He conceded that this lack of compensation was a disincentive. This resulted in his relegating these estates to a low priority on his pending list of things to do. We find Pracht's excuses entirely meritless.

As to his lack of knowledge, Pracht conceded that although he had hoped to learn the probate process, he was "learning by way of delinquency as to what [he was] supposed to do next." Pracht did not ask for help from a partner who was experienced in probate matters. He explained that he did not seek such help because the partner was "too busy" and he thought he could "learn the process by actually walking through it." Pracht also said he felt some of the preliminary probate steps were too "brainless" to bother the partner about.

Pracht gave this example of how uninformed he was about the probate process:

> [I]n the Fersch estate ... I filed the probate inventory. I guess I got a delinquency notice first to tell me that's the next thing on the list to do. And so I filed the probate inventory and then waited for the inheritance tax clearance to come floating into the courthouse. Because when I have to do my title work, that's what I see in the court file. I didn't realize you have got to do something else.

In rejecting this lack of knowledge excuse, we remind practitioners that, should they accept work in an area in which they are unfamiliar, they bear the responsibility to perform the work competently. No client should be made to suffer through an attorney's learning curve.

Regarding lack of time, Pracht likened himself to a fireman, and his firm to a hospital emergency room:

> That's the way we have our business set up. Unfortunately, that probably isn't the way to do it, but that's the way we have been doing it for years.

■ The stress of a busy law practice does not excuse attorneys from completing legal matters entrusted to them in a timely fashion. When attorneys find themselves unable to complete pending legal matters in a timely fashion, they have the following options: (1) decline additional work, (2) seek assistance, or (3) withdraw and allow another attorney to complete the work. *Committee on Professional Ethics & Conduct v. Bitter*, 279 N.W.2d 521, 524 (Iowa 1979). Pracht adopted none of these options. His conduct is particularly troublesome because a probate expert was a member of his own firm.

■ Because an attorney collects no fee does not justify an attorney's failure to handle client legal matters promptly and competently. Regardless of any fee agreement, all clients deserve to have their legal matters attended to timely and competently.

■ Our de novo review leads us to conclude that a convincing preponderance of the evidence supports the commission's findings that Pracht's actions sketched out above violated DR 1–102(A)(5) (conduct prejudicial to the administration of justice); DR 1–102(A)(6) (conduct adversely reflecting on fitness to practice law); DR 6–101(A)(1) (handling legal matters attorney is not competent to handle); DR 6–101(A)(2) (handling legal matters without adequate preparation); DR 6–101(A)(3) (neglect of legal matter entrusted to attorney); EC 1–5 (failure to maintain high standards of professional conduct); EC 6–1 (failure to act with competence and proper care in representing clients); EC 6–3 (accepting employment in area of law in which attorney is not qualified); EC 6–4 (failure to prepare adequately and give appropriate attention to legal work).

II. *Failure to Cooperate with the Committee.*

On April 11, 1992, Pracht received a letter from the committee about the Vance estate delinquency. The letter informed Pracht of four things. First, the letter served as no-

tice of a complaint against Pracht. Second, the committee would investigate the matter. Third, a hearing would be held. Last, the committee required a response from Pracht.

Pracht did not respond. This failure prompted another letter from the committee on May 5. The second letter gave Pracht ten days to respond, or face a second, separate complaint for failure to cooperate with the committee.

Finally, Pracht responded on May 26. He apologized to the committee for not responding sooner. He admitted that he (1) "had never tried any probate matters before," (2) undertook representation of Paul Vance thinking he could help Vance and "learn the process in the meantime," and (3) had failed to complete the Vance estate "in a timely fashion." He closed by promising to "make every possible effort to close this probate as soon as possible."

On August 17 the committee wrote Pracht about the delinquencies in the Fersch and Hassler estates. He not only failed to respond to this letter, but also to a second letter from the committee.

When asked why he did not respond to the Fersch and Hassler estate inquiries, Pracht testified, "I seemed to find that every time I respond I get myself into more trouble by perhaps saying things I shouldn't say."

Although we think the point is abundantly clear, we repeat that the failure to fully cooperate in an ethics investigation is an independent act of misconduct. *Committee on Professional Ethics & Conduct v. Van Etten*, 490 N.W.2d 545, 548 (Iowa 1992). Pracht did not offer a reasonable explanation for refusing to respond. A lawyer's partial cooperation in an ethics investigation does not mitigate in the lawyer's favor. The lawyer is under a continuing duty to cooperate with all committee inquiries. Pracht's attitude on this point reflects a disdain for the disciplinary system.

The evidence sustains the commission's findings that Pracht's failure to respond to the committee's inquiries violated DR 1–102(A)(5) (conduct prejudicial to the administration of justice); DR 1–102(A)(6) (conduct adversely reflecting on fitness to practice law); EC 1–4 (failure to assist disciplinary committee); EC 1–5 (failure to maintain high standards of professional conduct).

### III. *Discipline.*

That brings us to the matter of discipline in this case. The form and extent of disciplinary sanctions must be tailored to the specific facts and circumstances of each case. *Committee on Professional Ethics & Conduct v. Rogers*, 313 N.W.2d 535, 537 (Iowa 1981). We conclude that because of the violations that occurred here discipline is warranted.

As we said earlier, the commission majority's recommendation was two-fold. First, it recommended a public reprimand. Second, it recommended that if any of the four estates remained open at the filing of this opinion, Pracht should be required to retain competent probate counsel at his own expense to close them.

The commission premised its recommendation of reprimand on several grounds. First, Pracht handled all of the estates pro bono. Second, Pracht cured the delinquencies in all four estates. Third, Pracht obtained court approval of the delinquent reports in all four estates and was granted additional time to conclude these matters. Last, it appeared to the commission that none of Pracht's clients sustained any financial loss because of his inaction.

We agree with the commission's recommendation of public reprimand. We therefore reprimand Pracht for the violations described. We also agree that Pracht should hire competent probate counsel at his own expense to close any of these estates that remain open on the date this opinion is filed.

Within sixty days of the date this opinion is filed, Pracht shall file a statement with our clerk of court in which he certifies the estates have been closed. He shall also certify that none of the estates have been charged any legal fees. The statement shall also include Pracht's assurance that he will not

handle probate matters unless he (1) associates with a lawyer experienced in that field, or (2) secures our permission upon a showing of acquired proficiency in probate law. Additionally, the statement shall include Pracht's assurance that he will adopt, use, and maintain office practices that will aid him in performing future work in a timely manner.

Costs are assessed to Pracht under Iowa Supreme Court Rule 118.22.

**ATTORNEY REPRIMANDED.**