**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**William W. GARRETSON, Respondent.**

**No. 93–1823.**

Supreme Court of Iowa.

April 20, 1994.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Lee H. Gaudineer of Austin, Gaudineer, Austin, Salmons & Swanson, Des Moines, for respondent.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

SNELL, Justice.

This lawyer disciplinary action comes to us on appeal by the Committee on Professional Ethics and Conduct of the Iowa State Bar Association. The Grievance Commission of the Iowa Supreme Court found that respondent, William W. Garretson, violated the Iowa Code of Professional Responsibility for Lawyers by refusing to provide an accounting to a client and by suing that client without first trying to resolve a fee dispute. The issues on appeal involve the sanction selected and whether respondent attempted to obstruct the disciplinary process.

William W. Garretson has practiced law in Iowa since 1960. Currently, he has a solo practice in West Des Moines primarily in areas of litigation and criminal law. The present dispute arose when Garretson agreed to represent Robert Dompkosky, a student at the school of osteopathic medicine in Des Moines, in an OWI case. Garretson met his client on November 1, 1991, after being called on the telephone to come to the Polk County Jail at 6:30 a.m. After Dompkosky was released, he met Garretson on November 4 and employed him. Dompkosky mentioned that he might want to employ a public defender but nevertheless gave Garretson a $500 check postdated to November 8 so that Garretson could "continue on with the paperwork knowing he had a check in hand." The following day Dompkosky telephoned Garretson and told him he had decided to employ a public defender. From this an argument ensued over how much money was owed for Garretson's legal work. Garretson claimed a minimum of $273; Dompkosky demanded to be sent a fee schedule showing what work had been done. Garretson asked if he could cash the $500 check and take his fee from that and was told no. Dompkosky stopped payment on the check fearing it would be cashed.

Instead of sending an itemized statement of services rendered, Garretson attempted to cash the check on November 8. When it was returned to Garretson ten days later, he filed suit in small claims court on November 18th. Dompkosky told Garretson he was exploring the possibility of returning to Pennsylvania to attend a school there. He moved out of his residence in Des Moines and left for Pennsylvania on November 19. He did not inform Garretson of his change of address

but did return to Des Moines on January 6, 1992.

On returning, Dompkosky learned that Garretson had obtained a default judgment for $500 and had garnished his bank account for $377. Representing himself, Dompkosky tried unsuccessfully to set aside the judgment. In the meantime, on January 13, 1992, he filed a complaint against Garretson with the Committee on Professional Ethics and Conduct.

Dompkosky also sought other remedies. He proposed paying $100 in settlement on January 24, 1992. On February 4, 1992, he filed a small claims action against Garretson for breach of contract. Garretson responded by counterclaiming for $500 for abuse of process.

The parties discussed their dispute in a chance meeting at the courthouse and through telephone calls back and forth. As civility deteriorated, Dompkosky called Garretson for a meeting. Since Dompkosky did not have a driver's license, Garretson agreed to meet him in the parking lot of the Hy–Vee store. Dompkosky equipped himself with a hidden tape recorder and recorded the conversation. It was put in evidence at the disciplinary hearing for the purpose of supporting the committee's charge that Garretson tried to buy off the ethics complaint.

■ Our scope of review in these disciplinary proceedings of both the facts and the commission's recommendation is de novo. Iowa Sup.Ct.R. 118.11; *Committee on Professional Ethics & Conduct v. Oltrogge,* 463 N.W.2d 19, 19 (Iowa 1990). The court gives respectful consideration to the findings of the commission but is not bound by them. *Committee on Professional Ethics & Conduct v. Tullar,* 466 N.W.2d 912, 913 (Iowa 1991). It is the committee's burden to prove by a convincing preponderance of the evidence that respondent committed the conduct charged in the complaint. *Committee on Professional Ethics & Conduct v. Hutcheson,* 471 N.W.2d 788, 789 (Iowa 1991). This burden does not require proof beyond a reasonable doubt, but lies somewhere between the proof required in criminal cases and that required in civil cases. *Committee on Professional Ethics & Conduct v. Hurd,* 375 N.W.2d 239, 246 (Iowa 1985).

The commission found that Garretson violated DR 9–102(B)(3) under which a lawyer shall render accountings to his client. A further violation was found by the commission of EC 2–25 whereby a lawyer "should be zealous in efforts to avoid controversies over fees with clients and should attempt to resolve amicably any differences on the subject."

Garretson points out that EC 2–25 also states that suits should not be filed "unless necessary to prevent fraud or gross imposition by the client." He argues that his action in filing his small claims suit is embraced by this language. For proof he points to Dompkosky's stopping payment on the $500 check, moving from his residence without notifying Garretson of the change and leaving Des Moines with the intent to enroll in school elsewhere. The committee responds that discipline is authorized when a lawyer fails to provide an accounting and does not work to resolve a fee dispute. *See Committee on Professional Ethics & Conduct v. Jones,* 441 N.W.2d 370, 372 (Iowa 1989); *Committee on Professional Ethics & Conduct v. Steele,* 414 N.W.2d 108, 112–13 (Iowa 1987).

■ The committee urges the ethics violations found by the Grievance Commission warrant a heavier sanction than the private admonition recommended. In addition, the committee believes the commission erred in not finding Garretson guilty of attempting to obstruct the disciplinary process. We have addressed this question before and disciplined a lawyer for interfering with the disciplinary process. *See Committee on Professional Ethics & Conduct v. McCullough,* 468 N.W.2d 458, 462 (Iowa 1991).

The evidence on this latter issue as seen by the committee is that Garretson broached the subject of the ethics complaint at several meetings with Dompkosky, asked him to withdraw the complaint, and suggested what he should say to the committee. Garretson claims he only let Dompkosky know that it would be improper to settle the fee dispute until the complaint was resolved. If that was all, the committee agrees there was no ethical violation. However, the committee believes the conversations were to get Dompko-

sky to try to bring the investigation to a halt. Considerable reliance is placed by the committee on the tape recorded conversation in the Hy–Vee parking lot between Garretson and Dompkosky. In that conversation Garretson is quoted as saying:

Why don't we, first of all, we've got to get your business done at the bar, get that resolved, okay?

. . . .

So at any rate, here's what I want. You do that first of all and then we can get the rest of this resolved very, very nicely.

While admitting the conversation, Garretson argues that it must be considered in the context that Dompkosky initiated the contact in the parking lot and started the conversation about settlement of the court judgment. Our review of the entire record on this issue leads us to conclude that Garretson's conduct is suspect but that this ethics violation has not been proved by a convincing preponderance of the evidence. *See Committee on Professional Ethics & Conduct v. Peterson*, 471 N.W.2d 787, 788 (Iowa 1991).

We also conclude that the commission correctly found that Garretson violated DR 9–102(B)(3) for failing to render an accounting for legal services claimed to have been rendered to his client. We do not attach a disciplinary sanction to the commission's findings regarding EC 2–25 because a violation of ethical considerations no longer supports disciplinary action. *See Committee on Professional Ethics & Conduct v. Carty*, 515 N.W.2d 32 (Iowa 1994). Nevertheless, the violation of the disciplinary rule, DR 9–102(B)(3), when considered in the context of the minimal services rendered and the small amount of time expended for which the client had any benefit, convinces us that the appropriate sanction is a public reprimand.

We hereby reprimand attorney Garretson. It is further ordered that the costs of this action be assessed against the respondent in accordance with Iowa Supreme Court rule 118.22.

**ATTORNEY REPRIMANDED.**