**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,**

v.

**David S. SATHER, Respondent.**

**No. 95–555.**

Supreme Court of Iowa.

July 19, 1995.

Charles L. Harrington, Des Moines, for complainant.

John D. Shors of Davis, Hockenberg, Wine, Brown, Koehn & Shors, P.C., Des Moines, for respondent.

Considered by HARRIS, P.J., and LARSON, SNELL, ANDREASEN, and TERNUS, JJ.

SNELL, Justice.

In this lawyer disciplinary action, the Grievance Commission of the Iowa Supreme Court recommends that we publicly reprimand an attorney for his apparent neglect of a family estate probate matter and failure to respond to district court delinquency notices and complaints of the Iowa Supreme Court Board of Professional Ethics and Conduct.[1]

---

1. Effective January 2, 1995, the "Committee on Professional Ethics and Conduct of the Iowa State Bar Association" changed its name to the "Iowa Supreme Court Board of Professional Ethics and Conduct." Although this body operated under the former title during most of the span of

Our de novo review of the matter leads us to agree with the commission's recommendation.

## I. Factual and Procedural Background

Following graduation from law school, Sather worked in the Iowa Attorney General's Office as an assistant attorney general responsible for state tort claims. After working as an assistant attorney general for a few years, he obtained a position in the law department of the Northwestern Bell Telephone Company. He has remained employed by the telephone company for over twenty years. During this time, he has not engaged in the private practice of law or handled legal matters outside of his employment as a lawyer for the telephone company. Sather's employment with the telephone company has, through the years, taken him to New York and Washington, D.C., among other locations, and he currently is employed with U.S. West, Inc. in Denver, Colorado.

Until late 1977, Sather's father and mother, Stanley O. and Ruth E. Sather, were residents of Urbandale, Iowa. On September 10, 1977, Stanley Sather died testate survived by his wife and two sons. David Sather asked attorney Joseph Brick to handle the estate for him. Under Brick's direction, probate of Stanley Sather's estate was commenced, Ruth Sather was appointed executor, a probate inventory was promptly filed, and a clearance for Iowa inheritance tax was obtained. The estate proved to be insolvent.

For a number of years, no further action was taken regarding the estate, and the Polk County Clerk's Office sent out delinquency notices. In 1982, Joseph Brick indicated to Sather that he believed he had a conflict of interest with regard to the estate due to his firm's representation of banks which had filed claims against the estate. Therefore, Sather agreed to become the designated attorney for the estate in place of Brick.

After Sather became responsible for the legal work for the estate, he inquired of a local law firm, other than his present counsel, about how he should proceed with the probate. Since he had never practiced probate law, he felt in need of some guidance. Sather knew some of the lawyers at this local firm from his having worked with them on corporate legal matters involving his employer, the telephone company. Although this firm's attorneys were not employed by Sather, they studied the file in an attempt to help out. Unfortunately, however, no advice was forwarded to Sather or any further action taken in the matter. Three more years of inaction passed.

Throughout the years following the opening of the estate, the clerk of the Polk County District Court and eventually the board sent notices to Sather regarding the delinquency of the matter. Neither Sather, nor anyone on his behalf, responded to any of these notices.

On August 14, 1986, the board notified Sather that he would be publicly reprimanded for violating DR 6–101(A)(3) of the Iowa Code of Professional Responsibility for Lawyers and Iowa Rule of Probate Procedure 5 by failing to make timely filings, failing to remove delinquencies after receiving notice, and failing to respond to a notice of complaint. Sather took no action regarding this notice and this court by order spread the reprimand on the records of the court as a public document.

On November 1, 1990, the district court clerk issued a notice of delinquency in the Sather estate for failure to file an interlocutory report. Sather did not file the report and as a result, in January of 1991, the clerk reported the delinquency pursuant to Iowa Code section 633.32 (1989) and Iowa Rule of Probate Procedure 5. On April 10, 1991, the board sent Sather, by certified mail, a notice of complaint regarding this delinquency. Although he received this letter, he did not respond.

On May 1, 1991, the clerk issued another notice of delinquency due to Sather's failure to file an interlocutory or final report and on July 15, 1991, reported this delinquency pur-

events at issue in this case, we shall refer to the body by its new designation throughout this opinion.

suant to section 633.32 and rule 5, as before. On July 22, 1991, the board sent by certified mail a notice of complaint regarding this delinquency. Sather received this notice but did not respond. The board thereafter sent an additional letter by ordinary mail regarding this complaint but received no response from Sather.

On February 3, 1993, the board sent, by certified mail, a notice of complaint regarding a third delinquency notice sent out by the district court clerk. Sather did not respond to this complaint or an additional notice of complaint or a letter sent by ordinary mail thereafter. On April 4, 1994, the court, on its own motion, closed the Sather estate.

As a result of the three delinquency notices and complaints sent from 1991 to 1993, the board filed a complaint with the grievance commission asserting that Sather's conduct violated disciplinary rules 1–102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice), 1–102(A)(6) (a lawyer shall not engage in any other conduct that adversely reflects on the fitness to practice law), and 6–101(A)(3) (a lawyer shall not neglect a client's legal matter).

On March 2, 1995, the grievance commission held a hearing regarding this matter. Sather personally testified at this hearing. Following the hearing, the commission noted in its written recommendation to this court the seriousness of Sather's failure to properly manage the estate proceedings and failure to respond to notices and complaints of the district court clerk and board. However, the commission noted that this was a family probate proceeding, no one was injured by Sather's conduct due to the insolvency of the estate, and Sather received no compensation for acting as the estate's designated attorney.

The commission concluded that the record established that Sather violated disciplinary rules 1–102(A)(5), (A)(6), and 6–101(A)(3) and, by a three member majority, recommended he be reprimanded. Two members of the commission voted to recommend to this court that Sather's license to practice law be suspended for three months.

## II. Standard and Scope of Review

In attorney disciplinary proceedings, we review the facts and the commission's recommendation de novo. Iowa Sup.Ct.R. 118.10; *Committee on Professional Ethics & Conduct v. Garretson*, 515 N.W.2d 25, 27 (Iowa 1994); *Committee on Professional Ethics & Conduct v. Pracht*, 505 N.W.2d 196, 198 (Iowa 1993). We give respectful consideration to the commission's findings of fact, but they do not bind us. *Garretson*, 515 N.W.2d at 27; *Committee on Professional Ethics & Conduct v. Blomker*, 379 N.W.2d 19, 20–21 (Iowa 1985).

## III. Analysis

The board carries the burden to prove by a convincing preponderance of the evidence that the respondent attorney committed the conduct the complaint alleges and violated the Code of Professional Responsibility as charged. *Garretson*, 515 N.W.2d at 27; *Committee on Professional Ethics & Conduct v. Peterson*, 471 N.W.2d 787, 787–88 (Iowa 1991). "This burden does not require proof beyond a reasonable doubt, but lies somewhere between the proof required in criminal cases and that required in civil cases." *Garretson*, 515 N.W.2d at 27. The commission may rely on matters in a request for admissions to meet this burden if the respondent does not deny or otherwise object to them. *Blomker*, 379 N.W.2d at 21.

We find that the board has demonstrated by a convincing preponderance of the evidence that Sather neglected his legal responsibilities as the designated attorney for his father's estate and demonstrated a serious pattern of failure to perform his duty to respond to notices of the district court and inquiries by the board. Our review of the record discloses no evidence of any response on Sather's part to any notice or inquiry of any kind.

Although (1) this was a family probate matter, (2) Sather oversaw the matter without compensation, and (3) no apparent prejudice occurred, regardless of the circumstances, an attorney still holds the responsibility to comply with statutory or court-ordered deadlines for the taking of necessary

actions in estates. *Committee on Professional Ethics & Conduct v. Larsen,* 407 N.W.2d 601, 602 (Iowa 1987). Regardless of the area of law with which Sather is most familiar, he held a duty to the courts of this state to ensure that matters under his responsibility would be completed properly and in a timely fashion. *See Pracht,* 505 N.W.2d at 198. Finding himself unable to complete this matter in a proper and timely fashion, Sather should have: (1) sought assistance with the diligence necessary to ensure that the matter would be completed; or (2) withdrawn and allowed another attorney to complete the work. *See id.* We hold that the commission has carried its burden in demonstrating that Sather's conduct constituted a violation of DR 6–101(A)(3).

In addition, we have found no excuse in the record for Sather's failure to respond to notices of the district court and complaints and inquiries by the board. A knowing failure to cooperate with the Supreme Court Board of Professional Ethics and Conduct in an investigation of an ethical complaint constitutes a clear violation of DR 1–102(A)(5) and DR 1–102(A)(6). *Pracht,* 505 N.W.2d at 199; *Larsen,* 407 N.W.2d at 602.

In determining to what extent discipline should be imposed in such a circumstance, we consider the nature of the violations, the need for deterrence, protection of the public, maintenance of the reputation of the bar as a whole, and the attorney's fitness to continue in the practice of law. *Blomker,* 379 N.W.2d at 21. A consideration of these factors as well as the mitigating circumstances present in this case, including that no party has been prejudiced by Sather's conduct, leads us to agree with the commission's recommendation of public reprimand.

We hereby reprimand attorney Sather. Costs are taxed to Sather pursuant to Iowa Supreme Court rule 118.22.

**ATTORNEY REPRIMANDED.**