# IN THE SUPREME COURT OF IOWA

No. 134 / 06-1458

Filed February 2, 2007

**IOWA SUPREME COURT ATTORNEY DISCIPLINARY BOARD**,

　　Complainant,

vs.

**COLLEEN FLORENCE ALEXANDER**,

　　Respondent.

---

On review of the report of the Grievance Commission.

Grievance Commission reports respondent has committed neglect and recommends a suspension of respondent's license for ninety days and an evaluation by a mental health professional before reinstatement. **ATTORNEY REPRIMANDED.**

Charles L. Harrington and David Grace, Des Moines, for complainant.

Colleen F. Alexander, Cedar Falls, pro se.

**APPEL, Justice.**

In this matter, this court reviews Findings of Fact, Conclusions of Law, and the Recommendation of the Iowa Supreme Court Grievance Commission regarding the respondent, Colleen Alexander. Based on admissions and a stipulation, the Commission recommends that Alexander's license to practice law be suspended for ninety days. The Commission further recommends that the respondent should be required to submit to an evaluation by a licensed health care professional. Upon review of the record, we conclude that the proper sanction for Alexander is a public reprimand.

## I.    Factual Background.

Alexander has no prior history of discipline. The underlying proceeding against Alexander was based upon a complaint in a single case. The complaint alleged that Alexander had failed to properly prepare for a hearing on a child custody matter. Specifically, the complaint alleged that Alexander failed to return multiple client phone calls in the weeks prior to the proceeding, failed to provide financial information to opposing counsel in compliance with discovery deadlines, failed to subpoena ten of eleven witnesses for the hearing, failed to timely file a post-hearing financial statement required by the district court, and failed to file post-hearing motions. The complainant states that the end result was that information about tax and financial issues, including overtime and financial commitments of the complainant, were not presented to the district court and that he was not able to impeach the testimony of his ex-wife. The complaint further alleges that the omissions of Alexander amount to neglect under Iowa Code of Professional Responsibility DR 6-101(A) and DR 7-101(A). After the ethics complaint was filed, Alexander failed to respond to three notices of the Iowa Supreme Court Attorney Disciplinary Board.

Ultimately, Alexander entered into a stipulation with the Board. In the stipulation, Alexander admitted all of the allegations in the complaint.

The parties further stipulated that the day after the hearing in question, Alexander was hospitalized for a mental breakdown. The stipulation states that Alexander suffers from depression, anxiety disorder, and obsessive-compulsive disorder. The stipulation further provides that Alexander does not intend to practice law in the future, as it is too confrontational for her, but might wish to use her legal background at some time in law-related office work.

The Commission entered an order in this matter on September 15, 2006. The Commission found that respondent's neglect consisted primarily of not having completed discovery prior to the hearing, not having called certain witnesses at the hearing, and not being available after the hearing to handle posttrial matters. The Commission adopted the stipulation of the parties and, based on its findings, recommended that Alexander's license to practice law be suspended with no possibility of reinstatement for a period of ninety days. The Commission further recommended that the respondent should be required to provide this court with an evaluation by a licensed health care professional prior to seeking reinstatement.

## II.     Scope of Review.

Our review of the findings of the Grievance Commission is de novo. *Iowa Supreme Ct. Attorney Disciplinary Bd. v. Moonen*, 706 N.W.2d 391, 396 (Iowa 2005). The Board must establish by a convincing preponderance of the evidence that Alexander committed the violations. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Postma*, 555 N.W.2d 680, 681 (Iowa 1996). The matter of sanction is solely within the authority of this court. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sloan*, 692 N.W.2d 831, 833 (Iowa 2005). Each disciplinary case must be judged based on its own facts. *Iowa*

*Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Moorman*, 683 N.W.2d 549, 553 (Iowa 2004).

### III.  Discussion.

In *Moorman*, we noted that neglect has "generally been recognized to involve indifference and a consistent failure to perform those obligations that a lawyer has assumed, or a conscious disregard for the responsibilities a lawyer owes to a client." 683 N.W.2d at 551 (citations omitted). Neglect cannot be found if the acts or omissions complained of were inadvertent or the result of an error of judgment made in good faith. *Comm. on Prof'l Ethics & Conduct v. Rogers*, 313 N.W.2d 535, 536 (Iowa 1981).

The stipulation in this case states that the "neglect" consisted primarily of not having completed discovery prior to the hearing, not calling certain witnesses at trial, and not being available to handle posttrial motions. The record does not reflect what effort Alexander did make, what witnesses were, in fact, called, and what evidence was presented at the hearing.

Alexander, however, did not respond to the allegations in the Board's complaint, which included an allegation of neglect. When the Board filed a motion that the allegations in the complaint be deemed admitted, Alexander did not resist the motion and consented to entry of an order sustaining the motion. Admissions may be relied upon to meet the evidentiary burden of the Board. *Comm. on Prof'l Ethics & Conduct v. Jackson*, 391 N.W.2d 699, 700 (Iowa 1986). As a result of the binding admissions, the charge of neglect is supported by a convincing preponderance of the evidence.

In addition, we note that Alexander on three occasions failed to respond to the Board's notice regarding its investigation. Under the rules applicable at the time the complaint was made, the failure to respond to the Board's notice is an independent violation of the disciplinary rules. DR 1-

103(A)(5), DR 1-102(A)(6); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sullins*, 556 N.W.2d 456, 457 (Iowa 1996); *Comm. on Prof'l Ethics & Conduct v. Pracht*, 505 N.W.2d 196, 199 (Iowa 1993).

In a number of cases involving no prior history of discipline, neglect of one matter, and failure to respond to the Commission, this court has issued a public reprimand for attorney misconduct. *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sherman*, 619 N.W.2d 407, 410 (Iowa 2000) (neglect of one domestic relations matter and failure to cooperate with Board); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Erbes*, 573 N.W.2d 269, 271 (Iowa 1998) (public reprimand for neglect of matter and failure to cooperate with Board); *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Sather*, 534 N.W.2d 428, 431 (Iowa 1995) (public reprimand for neglect of one estate and failure to cooperate with Board). Upon review of the facts of this case, we hold that Alexander should be publicly reprimanded for her conduct.

## IV. Disposition.

The respondent Colleen Alexander is publicly reprimanded for her conduct as described in this opinion. Costs are assessed against Alexander pursuant to Iowa Court Rule 35.25(1).

**ATTORNEY REPRIMANDED.**