**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Complainant,**

v.

**Harold POSTMA, Respondent.**

**No. 96–1151.**

Supreme Court of Iowa.

Nov. 20, 1996.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Harold Postma, Clara City, MN, pro se.

Considered by LARSON, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

LARSON, Justice.

Harold Postma, whose license is currently under suspension, *Committee on Prof'l Ethics & Conduct v. Postma*, 430 N.W.2d 387 (Iowa 1988), has again been charged with ethics violations. The violations charged by our board of professional ethics and conduct (board) include Postma's refusal to comply with an order of this court, failure to file income tax returns, neglect of two estates, and malicious filing of eleven unfounded criminal charges. Our grievance commission recommended that his license be revoked, and we agree.

■ Our scope of review is de novo. While we give respectful consideration to the findings and recommendations of our grievance commission, we are not bound by them. The board must prove the allegations of its complaint by a convincing preponderance of the evidence—a burden greater than that in civil cases but less than that in criminal cases. *Iowa Sup.Ct. Bd. of Prof'l Ethics & Conduct v. Hohnbaum*, 554 N.W.2d 550, 550 (Iowa 1996).

■ Postma has made no response to the board's complaint, nor has he responded to the board's requests for admissions propounded to him. We therefore deem the requests to be admitted. Iowa R. Civ. P. 127 ("The matter is admitted unless, within thirty days after service of the request ... the party ... serves upon the party requesting the admission a written answer or objection....").

I. *The Failure to Obey a Court Order.*

■ In August 1990 the commission found ethical violations by Postma and recommended discipline. However, on Postma's motion to dismiss, we set aside the report of the commission because of a lack of adequate notice. We directed Postma to "supply to

this court either his residential address or designate an agent to receive service within twenty days from this order." Postma filed a motion to extend the time to comply with this order, and the motion was granted giving him until April 19, 1991, to comply. As of the date of the commission hearing in the present matter in April 1996, Postma had still failed to comply with the court's order.

## II. *The Income Tax Returns.*

In August 1987 the client security and attorney disciplinary commission (disciplinary commission) wrote a letter to Postma requesting a written explanation and documentation verifying the filing of his state income tax returns for 1984 and 1985 and his federal returns for 1982 through 1985. Although the proof of service shows that Postma received this letter on August 28, 1987, he failed to respond.

Another request was made on September 25, 1987. On October 12, 1987, Postma wrote a letter to the disciplinary commission in which he stated that his "income has been below the filing requirements for the past few years," but provided no supporting documentation.

On October 20, 1987, the disciplinary commission again wrote to Postma by certified mail, requesting that he specify the meaning of the "past few years" and provide documentation to show that he was not required to file tax returns for the years 1982 to 1985. Despite respondent's acknowledgment of receipt of this letter, he has failed to respond to it.

In April 1988 an auditor for the disciplinary commission contacted Postma to conduct an audit of his income tax status. Postma failed to provide the requested documentation. In addition, he refused to give an explanation of his failure to file the returns, stating "I don't want to make a statement that stabs me in the back."

In July 1988 the board (then known as the Committee on Professional Ethics and Conduct) served Postma with an initial notice of a complaint regarding allegations of his failure to file income tax returns. Again, despite Postma's receipt of the certified letter,

he made no response. In August 1988 the board sent a second notice of complaint, and this time the certified letter was returned "unclaimed."

Based on Postma's failure to respond to the requests for admission, we deem the matters requested to be admitted are true. We conclude that Postma was required to file the income tax returns in question but failed to do so. Further, we find that he has failed to respond to the board's inquiries regarding the tax returns.

## III. *The Estate Matters.*

In October 1981 Postma was designated as attorney for the estate of Bessie Ann Worden. Postma has failed to complete the administration of this estate, and on May 1, 1988, the clerk filed a notice of delinquency in the Worden estate.

In April 1987 Postma was designated as the attorney for the estate of Albert J. Vis. In May 1988 the clerk of the district court served notice on Postma that he was delinquent in the estate proceedings. When Postma failed to cure the delinquency, the delinquency was reported to the district court and ultimately to the board. *See* Iowa Code § 633.32 (1987); Iowa R. Prob. P. 5(c).

By certified letter of July 25, 1988, the board notified Postma of complaints regarding his delinquencies in the Worden and Vis estates. He did not respond. In August 1988 the board sent a second notice regarding the probate delinquencies, and this notice was returned "unclaimed." As of the time of the grievance commission hearing, Postma was apparently still delinquent.

## IV. *The Criminal Complaints.*

On February 21, 1991, Postma filed criminal complaints against eleven "defendants" in the Woodbury County District Court alleging various crimes, including perjury, subornation of perjury, and extortion. Many of the persons so "charged" were persons involved in the proceedings that had led to Postma's 1988 license suspension.

On February 22, 1991, the county attorney filed a dismissal of the criminal charges on the ground that Postma's license was then

under suspension, that the county attorney's office had not been contacted prior to the filing of the complaints, that the complaints had not been filed before a magistrate as required by Iowa Code section 804.1, and that they were filed in the wrong office. We conclude that the criminal charges were filed maliciously and without grounds.

## V. *Conclusion.*

■ Postma's failure to comply with the earlier order of this court to furnish address information violates DR 1–102(A)(5) and (6), which prohibit engaging in conduct prejudicial to the administration of justice or reflecting adversely on the lawyer's fitness to practice law, and DR 7–106(A), which prohibits a lawyer from disregarding an order of a court.

■ Postma's failure to file his income tax returns violates DR 1–102(A)(4), (5), and (6) because it involves conduct prejudicial to the administration of justice and reflects adversely on Postma's fitness to practice law.

■ Postma's delinquencies in the Worden and Vis estates violate DR 6–101(A)(3), prohibiting a lawyer from neglecting a client's legal matter. By failing to cooperate with the disciplinary commission and the board, Postma has violated DR 1–102(A)(5) and (6).

■ The malicious filing of the criminal charges violated DR 1–102(A)(4), (5), and (6) because it is conduct involving dishonesty, fraud, deceit, or misrepresentation, prejudicial to the administration of justice, and adversely reflecting on Postma's fitness to practice law. These filings also violate DR 7–102(A)(1) and (5) because they were calculated to harass or maliciously injure another and were knowingly false.

## VI. *Disposition.*

We believe that the conduct outlined above, when considered together with the fact that Postma is currently under suspension for separate violations, warrants the revocation of his license to practice law, and we so hold. Costs are assessed to Postma pursuant to Iowa Supreme Court Rule 118.22.

**LICENSE REVOKED.**