**IOWA SUPREME COURT BOARD OF
PROFESSIONAL ETHICS AND
CONDUCT, Complainant,**

**v.**

**Marcia A. MILLER, Respondent.**

**No. 97–775.**

Supreme Court of Iowa.

Sept. 17, 1997.

David J. Grace, Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Michael L. Noyes of Noyes & Gosma, L.L.P., Davenport, for respondent.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and SNELL, JJ.

LARSON, Justice.

The Grievance Commission of this court has filed its findings and recommendations for sanctions in this attorney disciplinary case involving the respondent, Marcia A. Miller. On our de novo review under Court Rule 118.10, we agree with the commission's finding of ethical violations but conclude that its recommendation of a public reprimand is not an adequate sanction. We suspend the respondent's license for a minimum of sixty days.

### I. *Facts.*

The hearing before the commission established the following facts. From May 1, 1992, to January 22, 1993, the respondent was employed as an attorney for Gekko International, a limited liability company under Iowa Code chapter 490A (1991). She initially was compensated at $70 per hour in the form of membership units (the equivalent of corporate shares in a limited liability company) valued at just under $1 per unit. Beginning in February 1993, she was paid $1500 per month and received 500 units of membership for her part-time work. She valued this compensation package at $25,000 per year.

In December 1993 the respondent, while acting as attorney for Gekko, discovered that a marketing agent for Gekko might have been defrauding the company and that, perhaps, some of the principals in Gekko were involved. At a membership meeting that month, she disclosed this information over the objection of a Gekko officer. She suggested that the members might have a right of rescission of their membership interests, based on fraud. Gekko immediately terminated the respondent's services as attorney.

After she was terminated, the respondent contacted an attorney for Gekko and requested that he convey her demands that (1) Gekko repurchase her 60,000 units and 15,000 to 20,000 units owned by her friends at $5 each (which, the board claims, was considerably higher than the market value); and (2) a disciplinary charge then pending against her would be dismissed.

The respondent also asked Gekko's attorney to inform Gekko that if her demands were not met by a certain date she would file a complaint with the Securities and Exchange Commission (SEC) regarding her discovery of the apparent improprieties at Gekko and that she would pursue actions for sexual harassment and trade libel.

### II. *Review of a Commission Report.*

We review a report by the Grievance Commission de novo. We give respectful consideration to the commission's findings of fact, but we are not bound by them. *Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Postma,* 555 N.W.2d 680, 681 (Iowa 1996). The Board of Professional Ethics and Conduct, as complainant, must establish its allegations by a convincing preponderance of the evidence—a standard greater than a preponderance but less than evidence beyond a reasonable doubt. *Id.*

### III. *Demand for Withdrawal of Ethics Complaint.*

After the respondent's termination by Gekko, Gekko's new attorney filed an ethics complaint against her, alleging that she held some of Gekko's documents as security for payment of her attorney fees. The respon-

dent's demand that Gekko's attorney dismiss the ethics complaint is the basis of the first of the present ethics charges.

We have held that the duty to report ethical violations imposed by DR 1–103(A) implies a duty by the subject attorney not to frustrate that process, and an attempt to interfere in the grievance process is a basis for discipline. *Committee on Prof'l Ethics & Conduct v. McCullough,* 468 N.W.2d 458, 462 (Iowa 1991).

The respondent contends that, when she made the original demand that the disciplinary complaint be dismissed, she stated to Gekko's attorney that her demand was conditioned on the attorney's determination that it was "legal" to do so. The respondent now admits that her demand for dismissal of the ethics complaint was improper, but she suggests that the seriousness of the violation was mitigated when, on her discovery of the impropriety of her demand, she immediately withdrew it.

Although the respondent ultimately eliminated this demand, and although she claims that she relied on Gekko's attorney to determine the propriety of the demand (a matter not clear in the record), we nevertheless conclude that she effectively attempted to interfere in the disciplinary process and that this was a violation of DR 1–103(A). *McCullough,* 468 N.W.2d at 462.

### IV. *Demand for Repurchase of Membership Units.*

█ Based on the respondent's discovery of the apparent fraud involving Gekko, she apparently had a right under federal law to demand a repurchase of her units at her purchase price, plus interest, less any income derived from the units. However, she demanded more. She demanded that Gekko pay her, and her friends, a premium for their units. (The board's claim that her demanded price was excessive is borne out by the fact that she ultimately accepted less than $1 per unit.)

The board argues, with some justification, that the demands made and the reprisals threatened by the respondent bordered on extortion. We have held that an attorney may not make use of knowledge or information acquired through a professional relationship to the attorney's own advantage or profit. *Healy v. Gray,* 184 Iowa 111, 119, 168 N.W. 222, 225 (1918). To accomplish her ends, the respondent relied on information obtained by her in her representation of Gekko. This violated DR 4–101, which provides:

(A) "Confidence" refers to information protected by the attorney-client privilege under applicable law, and "secret" refers to other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client.

(B) Except when permitted under DR 4–101(C), a lawyer shall not knowingly:

(1) Reveal a confidence or secret of a client.

(2) Use a confidence or secret of a client to the disadvantage of the client.

(3) Use a confidence or secret of a client for the advantage of the lawyer or of a third person, unless the client consents after full disclosure.

### V. *Sanctions.*

The respondent acted properly in pointing out the apparent fraud involving Gekko. However, her attempts to capitalize on that information and her attempt to secure the dismissal of the disciplinary charges against her violated our code of professional conduct and require an appropriate sanction.

█ We agree with the commission's findings regarding these violations, but we believe the seriousness of the violations requires a sanction greater than a public reprimand. We order that the respondent's license be suspended indefinitely with no possibility of reinstatement for sixty days following the filing of this opinion.

This suspension shall apply to all facets of the practice of law. *See* Ct. R. 118.12. Costs

are taxed to the respondent pursuant to Court Rule 118.22.

**LICENSE SUSPENDED.**