**IOWA SUPREME COURT BOARD OF PROFESSIONAL ETHICS AND CONDUCT, Appellee,**

v.

**Kevin M. KIRLIN, Appellant.**

No. 97–773.

Supreme Court of Iowa.

Nov. 26, 1997.

John P. Roehrick and Kevin M. Kirlin, pro se, of Roehrick, Hulting, Blumberg, Kirlin & Krull, P.C., Des Moines, for appellant.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

LARSON, Justice.

Attorney Kevin Kirlin has appealed from a grievance commission recommendation of a public reprimand for violations of our disciplinary rules governing attorney advertising. We agree with the commission's findings and order that he be publicly reprimanded.

The disciplinary charges arose out of ads placed by Kirlin in a Des Moines telephone directory for the 1994–95 and 1995–96 years. In those ads, Kirlin listed several areas of primary practice and stated that he was a member of several professional organizations providing specialized education in those areas. The Board of Professional Ethics and Conduct alleges that (1) he failed to comply with rules requiring information to be filed, prior to advertising, with our Commission on Continuing Legal Education; (2) he failed to include cautionary statements in his ads; and (3) he listed more than the three areas of practice permitted by the rules.

Since *Bates v. State Bar of Arizona,* 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977), lawyers have been permitted to advertise under certain conditions. Under our code of professional responsibility, an attorney may advertise in telephone directories and other forms of media. This case involves only telephone directory ads; it does not involve electronic media advertising.

Advertising restrictions imposed by our rules have been upheld in the face of a variety of constitutional challenges. *See, e.g., Iowa Sup. Ct. Bd. of Prof'l Ethics & Conduct v. Wherry,* 569 N.W.2d 822 (Iowa 1997); *Committee on Prof'l Ethics & Conduct v. Morris,* 490 N.W.2d 806 (Iowa 1992); *Committee on Prof'l Ethics & Conduct v. Humphrey,* 377 N.W.2d 643 (Iowa 1985).

In its most recent case involving attorney advertising, the Supreme Court stated the test for constitutionality of restrictions:

[W]e engage in "intermediate" scrutiny of restrictions on commercial speech, analyzing them under the framework set forth in *Central Hudson Gas & Electric Corp. v. Public Service Comm'n of N.Y.,* 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980). Under *Central Hudson,* the government may freely regulate commercial speech that concerns unlawful activity or is misleading. Commercial speech that falls into neither of those categories, like the advertising at issue here, may be regulated if the government satisfies a test consisting of three related prongs: first, the government must assert a substantial interest in support of its regulation; second, the government must demonstrate that the restriction on commercial speech directly and materially advances that interest; and third, the regulation must be "narrowly drawn."

*Florida Bar v. Went For It, Inc.,* 515 U.S. 618, 623–24, 115 S.Ct. 2371, 2375–76, 132 L.Ed.2d 541, 549 (1995) (citations omitted); *see also Wherry,* 569 N.W.2d at 825.

### I. *The Charges.*

The charges in this case involved three of our disciplinary rules.

A. DR 2–101(C) requires, in the ad, this "notice to the public":

Memberships and offices in legal fraternities and legal societies, technical and professional licenses, and memberships in scientific, technical and professional associations and societies of law or field of practice do not mean that a lawyer is a specialist or expert in a field of law, nor do they mean that such lawyer is necessarily any more expert or competent than any other lawyer.

The respondent's ads in the 1994–95 and 1995–96 directories did not contain this disclosure.

B. The respondent was also charged with a violation of DR 2–105(A)(4), which requires that:

Prior to communication of a description or indication of practice permitted by DR 2–

105(A)(2) a lawyer shall report the lawyer's compliance with the following eligibility requirements each year in the written report required to be submitted to the Commission on Continuing Legal Education:

(a) The lawyer must have devoted the greater of 200 hours or 20 percent of the lawyer's time spent in actual law practice to each separate indicated field of practice for each of the last two calendar years; and

(b) The lawyer must have completed at least ten hours of accredited continuing legal education courses of study in each separate indicated field of practice during the preceding calendar year.

The first report of compliance may be made in 1979. In reporting compliance with subsection (a), a statement of compliance is sufficient. In reporting compliance with subsection (b), the lawyer shall identify the specific courses and hours which apply to each indicated field of practice. Contents of the portion of the report required by this rule shall be public information.

Kirlin did not report his compliance with eligibility requirements prior to placing his ads in the telephone directory.

C. DR 2–105(A)(2) prohibits listing more than three areas of practice, and the respondent is charged with violating this rule as well.

## II. *The Respondent's Arguments.*

The respondent does not claim that he has complied with the advertising rules at issue; he attacks the constitutionality of the rules themselves. The respondent contends that DR 2–101 and DR 2–105 are invalid on their face and as applied to him because they impermissibly restrict his communications with prospective clients in violation of the First and Fourteenth Amendments to the United States Constitution and article I, section 7 of the Iowa Constitution. He also challenges DR 2–101 on the ground that, as applied, it constitutes a taking of his property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution and article I, section 18 of the Iowa Constitution.

## III. *Analysis.*

■ Our review in disciplinary cases is de novo. Ct. R. 118.10, .11. We give respectful consideration to the findings of the commission but are not bound by them. *Iowa Sup. Ct. Bd. of Prof'l Ethics & Conduct v. Postma,* 555 N.W.2d 680, 681 (Iowa 1996).

■ A. *DR 2–105(A)(4).* We held in *Wherry* that DR 2–105(A)(4) satisfies the test for constitutionality in *Central Hudson Gas & Electric Corp. v. Public Service Commission,* 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980) (and thus the test later adopted for attorney advertising in *Florida Bar* ). *Wherry,* 569 N.W.2d at 825. We therefore summarily reject Kirlin's similar challenge to that rule here. Our state constitutional provisions regarding freedom of speech have generally been held to be coextensive with the federal constitution, and Kirlin's argument based on the Iowa Constitution must therefore fail as well. *See State v. Lacey,* 465 N.W.2d 537, 539–40 (Iowa 1991) (state and federal claims regarding freedom of speech treated simultaneously); *Des Moines Register & Tribune Co. v. Osmundson,* 248 N.W.2d 493, 498 (Iowa 1976) (same).

B. *DR 2–101(C).* In 1994 this court amended DR 2–101(C) to require that advertising containing references to memberships in professional organizations include the "notice to the public" quoted above. Kirlin's advertisements in the 1994–95 and 1995–96 telephone directories did not comply.

■ Kirlin complains that the notice under DR 2–101(C) is duplicative of a warning required by DR 2–101(A), which advises consumers that the selection of a lawyer should not be based solely on advertising. He contends that this creates undue expenses in advertising and apparently that this will chill a lawyer's exercise of his First Amendment rights.

The warnings under DR 2–101(C) and DR 2–101(A), however, have different purposes. The warning required by DR 2–101(C) cautions the consumer not to give undue weight to membership in associations; DR 2–101(A)

warns consumers not to be swayed by advertising in selecting a lawyer.

DR 2–101(C) was amended in 1994 because this court was concerned, based on advice by the Committee on Professional Ethics and Conduct, that

> [t]here have been instances where such [membership] listings have been used to imply expertise in areas of practice such as listed in DR 2–105 but circumventing the qualification and disclosure requirements of DR 2–105. The lawyer merely joins an organization or entitles an article using the desired "buzzword" area of practice (for example: "Member of American Trial Lawyer Sections on Motor Vehicle Collision, Railroad Law … etc.," or "Co–author–Automobile Accident Law and Practice") without proper disclosure. This results in misleading advertising.

(Letter from Committee on Professional Ethics & Conduct to Iowa Supreme Court of 12/28/93.)

We conclude that DR 2–101(C) is not duplicative of other disclaimers and that it passes the test for constitutionality under *Florida Bar.* The State has a substantial interest in supporting this restriction because "[f]alse claims of expertise are a real danger to those who need and are searching for legal services." *Wherry,* 569 N.W.2d at 825. The rule in question is narrowly drawn and advances the state's interest. Advertising a membership in law-related associations without informing the public of the danger of equating membership in professional associations and expertise as a lawyer could be misleading.

■ Kirlin also argues that the notice requirement of DR 2–101(C) constitutes a taking of his property for public use without just compensation contrary to the federal and state constitutions. He cites no authority for this proposition, and we have found none. We therefore deem the argument waived. Iowa R.App. P. 14(a)(3).

■ C. *DR 2–105(A)(2).* Kirlin complains that DR 2–105(A)(2), which limits to three the number of areas of practice that may be advertised, is unconstitutional. However, he does not develop an argument in

support of this assertion, and we reject it. There is a limit to the number of areas in which an attorney may reasonably claim to concentrate, and we believe that three is reasonable.

**IV. *Summary.***

The first test under *Florida Bar,* that a substantial state interest is involved in the restriction, is clearly established in this case. What we said in *Wherry* with respect to some of our advertising rules applies as well to the balance of them. We said there that

> Iowa government, particularly its judicial branch, has a clear responsibility to protect the public interest in *informed* selection of legal representation. False claims of expertise are a real danger to those who need and are searching for legal services.

*Wherry,* 569 N.W.2d at 825.

Under the second part of the *Florida Bar* test, the question is whether the government's restriction on commercial speech directly and materially advances the state's interest. As the Supreme Court said in *Florida Bar,*

> [t]hat burden … "is not satisfied by mere speculation and conjecture; rather, a governmental body seeking to sustain a restriction on commercial speech must demonstrate that the harms it recites are real and that its restriction will in fact alleviate them to a material degree."

*Florida Bar,* 515 U.S. at 626, 115 S.Ct. at 2377, 132 L.Ed.2d at 550 (quoting *Rubin v. Coors Brewing Co.,* 514 U.S. 476, 487, 115 S.Ct. 1585, 1592, 131 L.Ed.2d 532, 541–42 (1995)).

*Committee on Professional Ethics & Conduct v. Morris* illustrates how the rules in question advance the state's interest in informing the public. In *Morris* a lawyer held himself out as being qualified in the area of immigration law, although he was clearly not. His client relied on that representation, but the lawyer failed to perform his services in a proper way, and his client was subjected to deportation proceedings. *Morris,* 490 N.W.2d at 807.

Kirlin has raised several additional arguments attacking the disciplinary rules on constitutional grounds. We have considered each of them and find no merit in them.

**V. *Disposition.***

■ Failure of a lawyer to abide by our disciplinary rules regarding advertising will subject the lawyer to sanctions. *Wherry,* 569 N.W.2d at 827; *Morris,* 490 N.W.2d at 810.

Like Wherry, this respondent has previously been admonished for violations of our advertising rules, and we take that into consideration in determining the sanction to be imposed, as we did in *Wherry.* We publicly reprimand the respondent for his violations of our Iowa Code of Professional Responsibility.

**ATTORNEY REPRIMANDED.**